[No. 5738. Decided November 6, 1905.]

THE STATE OF WASHINGTON, on the Relation of Spokane
Terminal Company, Plaintiff, v. THE SUPERIOR
COURT FOR SPOKANE COUNTY, et al.,
Defendants.[1]

COSTS—IN SUPREME COURT—ATTORNEY FEE—ORIGINAL PROCEEDING—
STATUTE—REPEAL BY IMPLICATION—CONSTRUCTION. Under subdivision
5 of the Code of 1881 (2 Hill's Code, § 829), providing for an attor-
ney's fee of $15 in all actions where judgment is rendered in the
supreme court, such fee may be taxed in an original proceeding for
a writ of review; and said section was not impliedly repealed by the
act of 1893 (Bal. Code, § 6528), which is applicable only to cases
appealed to the supreme court.

COSTS—IN WHAT ACTIONS TAXABLE—CERTIORARI. An application
for a writ of certiorari under Bal. Code, § 4793, is an "action," within
the meaning of the statute relating to the taxation of costs.

Application filed July 15, 1905, to retax costs by striking
from the cost bill an item of $15 attorney's fee, allowed to
defendants upon denying an application in the supreme court
for a writ of review. Denied.

Graves & Graves, for relator.

John B .Hess and H. M. Stephens, for defendants.

ROOT, J.—The issue here involved arises upon a motion
in the above entitled cause to retax costs, by striking from
the cost bill, as allowed, the item of $15 attorney's fee. The
above entitled matter was an original proceeding in this court
for a writ of review. Plaintiff's application having been
denied, and defendants having filed a cost bill, plaintiff
makes this motion to retax, as aforesaid, claiming that there
is no authority for allowing the item mentioned. The at-
torney fee in question was allowed pursuant to subdivisions
4 and 5 of § 512, Code of 1881 (2 Hill's Code, § 829). These
subdivisions were omitted when the section was brought for-

1Reported in 82 Pac. 878.

ward in Bal. Code (Bal. Code, § 5172)—the compiler believing that they were impliedly repealed by the enactment of Bal. Code, § 6528.

It is claimed by the plaintiff, and apparently conceded by defendants, that no costs can be allowed except by statutory authority. Defendants maintain that the subdivisions of § 512 referred to are still in force, and are not affected by Bal. Code, § 6528, this latter section being a portion of the act of 1893, entitled "An act relating to appeals to the supreme court." Defendants contend that this act has to do solely with cases brought here upon appeal, and that it has no application to actions originated in this court. We think this position tenable. Subd. 4 of said § 512, Code of 1881, reads as follows: "In all actions removed to the supreme court and settled before argument, $10;" and subd. 5 of said section reads as follows: "In all actions where judgment is rendered in the supreme court, after argument, $15." It will be noticed that the language of this 5th subdivision is not confined to actions "removed to the supreme court," but is very comprehensive in its language. "All actions where judgment is rendered," are the words used. This expression would seem to include not only actions appealed or otherwise "removed to the supreme court," but would also apply to original actions in this court wherein judgments are rendered.

It is also maintained by plaintiff that a proceeding of this character is not an "action." We are, however, constrained to believe that this character of a proceeding is an action within the contemplation of the statutes in question. Bal. Code, § 4793, reads as follows: "There shall be in this state hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be called a civil action." The statute authorizing a writ of review is the same as that authorizing mandamus and prohibition, and is entitled, "An act regulating special proceedings of a civil nature." It is a pro-

ceeding for the enforcement of rights and the redress of wrongs. In the case of *State ex rel. Brown v. McQuade,* 36 Wash. 579, 79 Pac. 207, this court, in speaking of mandamus, employed this language:

"In our practice, mandamus is nothing more than one of the forms of procedure provided for the enforcement of rights and the redress of wrongs. The procedure has in it all the elements of a civil action."

It would occasion an inconsistency if plaintiff's construction of the statute were to be upheld. Why the legislature should provide for an attorney's fee in the superior court and another attorney's fee upon appeal in the supreme court, but should not authorize such a fee in an original proceeding in the supreme court, would constitute a query not readily to be answered. To hold that the said attorney's fee of $15 is provided for by the statute makes it consistent with the other statutes mentioned.

The motion to retax is denied.

MOUNT, C. J., RUDKIN, HADLEY, CROW, and DUNBAR, JJ., concur.