## 11736

### SMITH *ET AL.* v. SAYE *ET AL.,* COMMISSIONERS

(127 S. E., 568)

CERTIORARI—CERTIORARI IS "CIVIL ACTION," IN WHICH DISBURSEMENTS CAN BE TAXED AGAINST LOSING PARTY ON APPEAL.—Certiorari is a "civil action" within Code Civ. Proc., 1922, § 2, in which disbursements can be taxed against losing party on appeal, and not a special proceeding.

Before Bonham, J., York, March, 1925.    Reversed.

*Certiorari* by M. L. Smith and others against Dr. J. H. Saye and others, as the Permanent Road Commission of York County, to review the action of the Commission declaring result of road bond election in favor of issue. After reversal of a decree declaring the election valid against issue and confirmation of report, the Clerk of Court taxed costs and disbursements on appeal against petitioners. From an order sustaining exception to clerk's taxation, and modifying his order, the Road Commission appeals. Reversed, and taxation of disbursements by clerk approved.

*Messrs. Marion & Tinsley* and *W. B. Wilson,* for appellant, cite: *Former appeal:* 125 S. E., 269. *Right to tax costs and disbursements in favor of prevailing party on appeal:* 1 Code, 1922, Sec. 623, 627, 632; Vol. 3, Code, 1922, Sec. 5721. *Printing case and argument allowed:* 15 S. C., 610; 59 S. C., 335; 45 S. C., 87; 108 S. C., 45. *Board was a Court of inferior jurisdiction:* 3 Code, 1922, Sec. 245; 2 Rich. L., 6; 5 S. C., 264; 5 R. C. L., 250. *All legitimate expenditures included in costs:* 24 S. C., 540; 16 S. C., 58; 24 S. C., 457; 120 S. E., 756.

*Messrs. McDonald & McDonald,* for respondent, cite: *Costs:* Black's Law Dict., 278. *Disbursements:* Id., 372. *Distinction between costs and disbursements:* 27 S. E., 15; 24 S. C., 536; 48 S. C., 495. *Statutes on costs and disbursements strictly construed:* 27 S. C., 15; 42 S. C., 522; 45 S. C., 89; 48 S. C., 465; 15 S. C., 610; 61 S. C., 75. *This was special proceedings and not civil action:* 1 Code, 1922, Sec. 383; Sec. 623; 3 Code, 1922, Sec. 5721; 5724. *Disbursements cannot be taxed in special proceedings:* 16 S. C., 64; 24 S. C., 539; 24 S. C., 459; 48 S. C., 494; 64 S. C., 200; 4 S. C., 388. *Printing is a disbursement and not costs:* 97 S. E., 561; 48 S. C., 494. *Costs and disbursements can only be taxed where expressly authorized:* 10 S. C., 39; 27 S. C., 20; 61 S. C., 243; 95 S. C., 217;

113 S. C., 99; 15 S. C., 610.  *Board is not inferior Court:*
33 S. C., 125.

April 13, 1925.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Appeal from an order of his Honor, Circuit Judge Bon-
ham, modifying the order of the Clerk of Court taxing the
costs and disbursements on appeal in the above stated case.
See report of case, 125 S. E., 269, the preliminary state-
ment of the proceedings in which need not be repeated.
The road commissioners were successful appellants in that
appeal, and upon due notice the costs and disbursements
were taxed by the clerk as follows:

| | |
|---|---|
| Printing "case" | $ 227.66 |
| Printing argument | 15.50 |
| Docket fee | 3.00 |
| Making and serving "case" | 10.00 |
| Argument | 25.00 |
| Clerk's costs | 5.50 |
| Total | $ 286.66 |

The petitioners in the *certiorari* proceedings excepted to
this taxation (objecting to the first two items only), upon
the ground that the proceeding of *certiorari* which resulted
in the order of Judge Henry, from which the appeal of the
road commission was taken, was a "special proceeding" and
not a "civil action," and that there was no statute permitting
the allowance of disbursements in other than "civil actions."
The exceptions to the clerk's taxation were heard by his
Honor, Judge Bonham, who filed an order sustaining the
contention of the petitioners, and modifying the taxation by
striking out the two items of disbursements, aggregating
$243.16.  From this order the road commission has ap-
pealed.

The appeal presents the single question: Can "disburse-
ments" be taxed against the losing party on appeal in a

*certiorari* proceeding? The real point of controversy is whether a proceeding by *certiorari* is to be deemed a "civil action" or a "special proceeding." The question is concluded by the case of *Rawl v. McCown*, 97 S. C., 1; 81 S. E., 958, in which it is held:

"Where the private or property rights of the citizens are invaded or threatened by the illegal action of a public body or board, he is entitled to relief, and the Courts will not deny him a remedy. The weight of authority in this country is that those writs which, in England, were originally prerogative writs, and issued only at the instance of the crown, have lost their prerogative character, and now belong to the Courts to be used as other process in the enforcement of private rights and the prevention of private wrongs,"

—which brings the proceeding by *certiorari* squarely within the definition of a civil action, contained in Section 2, Code Civ. Proc., 1922:

"An action is an ordinary proceeding in a Court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong.   *   *   * "

See, also, the case of *Lord v. Bates,* 48 S. C., 95; 26 S. E., 213, cited and quoted from in the *Rawl v. McCown Case,* and the cases therein cited, particularly *Com. v. Denison,* 24 How. (U. S.), 66; 16 L. Ed., 717. *Kendall v. U. S.,* 12 Pet., 615; 9 L. Ed., 1181. *State v. Whitesides,* 30 S. C., 579; 9 S. E., 661; 3 L. R. A., 777; 14 A. & E. Enc. L., 92. See, also, where the precise point was decided, *State v. Spokane County,* 40 Wash., 453; 82 P. 878. *State v. Chittenden,* 127 Wis., 468; 107 N. W., 500, and *State v. Board,* 121 Wis., 44; 98 N. W., 954.

The taxation of disbursements by the clerk is approved, and the order in conflict therewith is reversed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.