8854

JENNINGS *ET AL.* v. McCOWN *ET AL.*

(81 S. E. 963.)

CERTIORARI. ELECTIONS. ILLEGAL VOTES.

1. On *certiorari*, the Supreme Court will not review findings of fact of an inferior body or Court, unless they are wholly unsupported by evidence.

2. Where, in an election to determine the question of the sale of intoxicants, enough illegal votes were cast to affect its validity, the election is void if the irregularities were such as to leave it doubtful whether the polls could be purged of them.

Original jurisdiction. Petition dismissed.

Petition for writ of *certiorari* to review action of State board of canvassers on appeal from the county board of

canvassers of Sumter county, in the matter of an election upon the question of the sale of alcoholic liquors in said county.

Messrs. L. D. Jennings and J. H. Clifton, for the petitioners, cite: Contestants waived right to question form of ballots: 78 S. C. 467; 73 S. C. 401. Form prescribed by special act: 27 Stats. 745. Provisions as to form of ticket directory: 86 S. C. 460, 461; 52 S. C. 299, distinguished, or in conflict with 73 S. C. 298; 76 S. C. 589; 78 S. C. 467; 79 S. C. 248; 86 S. C. 460; 80 S. C. 20. See, also, 20 S. C. 361; 15 Cyc. 245; 19 L. R. A. 172; 25 L. R. A. 486. Findings of fact without evidence error of law: 86 S. C. 455. Jurisdiction of State board of canvassers is appellate only: 33 S. C. 602.

Messrs. Purdy & Bland, Davis D. Moise and M. W. Seabrook, for D. James Winn et al., cite: Only errors of law reviewable: 86 S. C. 455. Illegal votes rendered result of election doubtful: 76 S. C. 574; 84 S. C. 48. No signatures to petition will avail except those of qualified electors: 76 S. C. 423. Qualifications of voters: 84 S. C. 48. Form of ballots: 52 S. C. 298. Irregularities: 79 S. C. 414; 78 S. C. 461.

Mr. Attorney General Peeples and Mr. Assistant Attorney General Dominick, for respondents.

May 20, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

On motion of the petitioners, a writ of certiorari was heretofore issued by one of the Justices of this Court, directed to the State Board of Canvassers, and requiring them to certify to the Court the record in the matter of the contest of

the election, held in Sumter county, on August 19, 1913, on the question of the sale of alcoholic liquors in said county. The vote in the election was very close. On the face of the returns, the vote stood 474 for sale, and 489 against sale, a majority of 15 votes against sale. Both sides contested the election before the county board of canvassers. Afer hearing the evidence and arguments on the various grounds of contest, the county board declared the result to be 470 votes for sale and 466 against sale, a majority of 4 votes for sale. Both sides appealed to the State board of canvassers. On hearing the appeals, the State board found and declared that, on account of irregularities in the election, sufficient to affect the result thereof, and on account of the form of the ballot used, there had been no legal election, and that the election was null and void. In its opinion the board said : "We are unable to find that a majority of the votes cast at said election were either for or against the sale of alcoholic liquors and beverages. Said election was so close that existing irregularities are sufficient to affect the result or make it doubtful and difficult to determine. In fact it is impossible to do so, as we cannot positively say on which side each and every illegal vote was cast: 'And when such irregularities or illegalities are of such a character and extent as to leave it doubtful, whether the result has not been affected, and especially when it appears that illegal votes have been cast, sufficient in number to affect the result, and the polls cannot be purged of them, it would be a travesty on popular government to sustain the election,' said Judge Hydrick in deciding the Wright case, which opinion was confirmed by the Supreme Court. This within itself is sufficient to justify us in declaring that there had been no legal election expressing the will of the qualified voters."

It is well settled that this Court will not review the findings of fact of an inferior Court or body, on writ of *certiorari*, unless they are wholly unsupported by the evidence.

1, 2    *State* v. *Board,* 86 S. C. 455, 68 S. E. 676. It is equally well settled that, when a sufficient number of illegal votes have been cast in an election to affect the result, and the polls cannot be purged of them, the election cannot be sustained. *Wright* v. *Board,* 76 S. C. 574, 57 S. E. 536; *Gunter* v. *Gayden,* 84 S. C. 48, 65 S. E. 948.

It is only necessary, therefore, to inquire whether the finding of the State board that illegal votes, sufficient in number to affect the result, were cast in the election, and that the polls cannot be purged of them, has any evidence to sustain it. A discussion of the evidence in detail is unnecessary and can serve no useful purpose, but a careful consideration of it not only shows that the findings of the board are supported by the evidence, but that, upon the application of correct legal principles to it, the board would have been warranted in reversing the judgment of the county board and declaring the result to be against sale. But, as the finding made has support in the evidence, it cannot be reviewed.

This conclusion makes it unnecessary to consider the second ground upon which the board rested its decision. But see *Rawl* v. *McCown,* 97 S. C. 1, 81 S. E. 959.

MESSRS. JUSTICES WATTS and FRASER concur in the result.

MR. JUSTICE GAGE did not sit in this case.