16567

FLOYD *ET AL.* v. THORNTON, SECRETARY OF STATE, *ET AL.*
(68 S. E. (2d) 334)

416

*Messrs. Schwartz & Schwartz,* of Sumter, and *J. A. Weinberg,* of Manning, *for Appellants,*

*Messrs. T. C. Callison, Attorney General, and James S. Verner,* Assistant Attorney General, of Columbia, *for Respondents,*

418

December 3, 1951.

HENDERSON, Acting Associate Justice.

The petitioners, now the appellants, desired to organize a bank, to be known as the Bank of Manning. Their application to the Secretary of State for a charter was refused, for the reason that the Board of Bank Control had not given its unconditional approval. In this action the petitioners prayed that the Court order the Secretary of State to issue the charter. They also asked that section 7829-2 of the Code of 1942 be declared unconstitutional and void, and that the acts of the Board of Bank Control, on petitioners' application for a charter, be declared to be arbitrary and beyond their power and authority.

Pursuant to the petition, a 'rule was issued by Hon. G. D. Bellinger, requiring the respondents to show cause why they should not make discovery of their acts and doings, together with all documents and papers relating to the organization of the bank and the Board's conditional approval of the application, or why a writ of certiorari should not be granted. On June 14, 1950, a hearing was had on the rule before Hon. L. D. Lide, then presiding in the Court of Common Pleas for Richland County. By his order dated July 18, 1950, he ruled that section 7829-2 was constitutional and valid in all respects. He refused the petitioners' prayer for a discovery, but ordered the issuance of a writ of certiorari, directing the respondents to certify to the court all the records relating to the application for the charter, except certain stated matters of a confidential nature.

The petitioners have appealed to this Court from the order, the principal point raised by the exceptions being that the Circuit Judge was in error in passing upon the constitutionality of section 7829-2 at that time, the appellants claiming that such question was not then before him for determination, that they were deprived of their day in court without due process of law, and that no opportunity was given to them to present argument and evidence on that point.

Section 7829-2 of the Code provides in part that no bank shall be granted a charter by the Secretary of State unless and until the Board of Bank Control has approved the application in writing, and that before such application shall be approved the Board shall make an investigation to determine whether or not the applicants have complied with the law, whether in the discretion of the Board they are qualified to operate the institution, and whether the establishment of such bank will serve the public interest. In the present case the Board of Bank Control approved the application of the petitioners, with certain conditions which are set forth in full in the circuit order. These conditions, among other things, called for a larger capital stock, required that the proposed bank obtain membership in the Federal Deposit Insurance Corporation, that no part of the paid-in capital be invested in real estate, and that an experienced cashier, acceptable to the Board and to the Federal Deposit Insurance Corporation, be secured. The appellants contend that the Board had no legal authority to impose the conditions.

The respondents urge that it is highly desirable that the question of the constitutionality of the act should be decided at the earliest possible time. The petitioners having vigorously attacked the statute as being unconstitutional it is manifest that if it is thus invalid the Board would have no power to control the proposed bank, nor to place conditions upon the incorporators; and consequently the case would terminate in favor of the appellants.

Judge Lide in his order states that "while the merits of the cause are not before me, there are certain preliminary questions which must be determined before it can be adjudged as to whether or not the petitioners are entitled to an order of discovery or an order for the issuance of a writ of certiorari. And it may be said in this connection that the petition attacks the constitutionality of certain parts of the general banking law of this State comprised in Code sections 7829-7829-11, originally enacted in 1936." He further states that "it is my judgment that the constitutional questions should be considered on this hearing, especially because if Code section 7829-2 is unconstitutional and therefore null and void, the previous proceedings thereunder are wholly ineffectual."

We think that ordinarily the constitutionality of an ▮▮ act should not be determined on an application for a discovery or for the issuance of a writ of certiorari. Because of deference to the legislative department the courts will not pass upon the constitutionality of a statute unless it becomes necessary to do so in order to decide the case. *Wallace v. Sumter County*, 189 S. C. 395, 1 S. E. (2d) 345. And generally, courts will not anticipate the necessity of determining the constitutionality of a statute, although perhaps they should have greater freedom if their conclusion is favorable to the constitutionality of the act. 16 C. J. S., Constitutional Law, § 94, p. 215. It follows that, although it may seem desirable that the constitutional question should be decided at the earliest possible stage of the case, the courts should not on such preliminary motions pass upon the constitutionality of a statute, because in many instances it may turn out thereafter that the case can be decided on its merits on other grounds without going into the constitutional issue at all. 16 C. J. S., Constitutional Law, § 95, p. 216.

In *Hutchison v. York County*, 86 S. C. 396, 68 S. ▮▮▮▮ 577, it was held that in the exercise of discretion on a motion for a temporary injunction the Circuit Judge may pass upon the constitutionality of a statute. And

the issuance of a writ of certiorari is discretionary also. *State v. Senft,* 2 Hill 367, 2 S. C. L. 367; 14 C. J. S., Certiorari, § 10, p. 137. However, we think that the cases are different, in that on the injunction hearing there is some evidence, in the shape of affidavits, while here we have the pleadings only; and the consequences of stopping the county from building a highway are more far-reaching, and the need for an early determination of constitutionality more urgent, than upon an order requiring a party to gather up his records and file them with the clerk of court. Many other motions preliminary to a trial on the merits rest in discretion, yet we have seen what is the general rule.

It is also of course true, as argued by the appellants, that a Circuit Judge has no authority, on his own motion, to make an order on a subject affecting the rights of the parties without notice to them and without giving them an opportunity to be heard.

In the present case the learned Circuit Judge did not pass upon the constitutionality of section 7829-2 without notice to the appellants, or without giving them a hearing, and only did so with their apparent approval. It is stated in the order of Judge Lide that extended oral argument was heard by him, and that much of this oral argument in behalf of the petitioners related to the constitutional objections interposed by them. While it is true that it is said in the agreed statement of facts, in the transcript of record, that neither the petitioners nor the respondents asked for an adjudication on the constitutionality of this section, yet it clearly appears that the petitioners did in fact argue such issue at length before the Circuit Judge. There was no occasion whatsoever for them to have argued the question, if they regarded it as having no bearing on the motion. Their action in making extended argument on this point was an implied invitation that it should be considered in passing upon the motion. We do not think that a party may contend for a certain point and thereafter claim error on the part of the Court in giving it consideration. One may not on re-

view complain of a ruling which he has invited or induced the trial court to make. 5 C. J. S., Appeal and Error, §§ 1501, 1505, pp. 173 and 187. The question before the Circuit Judge was whether or not in his discretion to grant the writ of certiorari; the petitioners energetically attacked the constitutionality of the statute; and their extended argument on that feature of the case was well calculated to lead the Circuit Judge to believe that they desired him to consider it as one factor in the exercise of his discretion.

It should be noted that the ruling of Judge Lide relates only to the constitutionality of the act as it is written. Under his order the appellants have the full right to go into what they claim are the unlawful acts and doings of the Board and its members. The Circuit order in no manner deprives them of the right to show any alleged usurpation of power and authority on the part of the Board, or that it acted capriciously or arbitrarily, or in disregard of law, or that it imposed conditions beyond those permitted by law, or otherwise unlawfully acted as the appellants assert. *Feldman v. South Carolina Tax Commission*, 203 S. C. 49, 26 S. E. (2d) 22.

We think that the order of the Circuit Court correctly decides the constitutional questions. Let so much of it as relates to that phase of the case be reported.

The exceptions are overruled, and the order appealed from is affirmed.

BAKER, C. J., TAYLOR and OXNER, JJ., and G. BADGER BAKER, A. A. J., concur.