18089

CITY OF COLUMBIA *et al.,* Petitioners-Respondents, v. SOUTH
   CAROLINA PUBLIC SERVICE COMMISSION and Southern
   Railway Company, Respondents-Appellants.

(131 S. E. (2d) 705)

*Messrs. Earl E. Eisenhart, Jr.,* of Washington, D. C., and *F. Dean Rainey,* of Greenville, and *John Gregg Mc-Master,* of Columbia, *for Respondent-Appellant, Southern Railway Company,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Harry M. Lightsey, Jr., Assistant Attorney General,* of Columbia, *for The South Carolina Public Service Commission, Appellant,*

*Messrs. Morris D. Rosen and Robert Wallace,* of Charleston, and *R. K. Wise, Frank D. Beattie, Jr.,* and *John W. Sholenberger,* of Columbia, *for Petitioners-Respondents,*

*Messrs. Earl E. Eisenhart, Jr.,* of Washington, D. C., and *F. Dean Rainey,* of Greenville, and *John Gregg McMaster,* of Columbia, *for Respondent-Appellant, Southern Railway Company, in Reply,*

July 2, 1963.

TAYLOR, Chief Justice.

This is an appeal by the South Carolina Public Service Commission, hereinafter referred to as the Commission, and

the Southern Railway Company, hereinafter referred to as Southern, from a Writ of Certiorari issued by the Honorable Legare Bates, Judge of the Richland County Court, directing the Commission to certify and forward to the Court the record in the matter of the discontinuance of Southern's Trains Nos. 27 and 28 between the Cities of Columbia and Charleston.

After a number of public hearings, the Commission issued its Order, dated May 16, 1962, authorizing Southern to discontinue operation of its passenger Trains Nos. 27 and 28 between Columbia and Charleston. A petition for rehearing was duly filed and granted; and after receiving further evidence, the Commission, by Order dated September 26, 1962, approved its previous Order but postponed the effective date for discontinuance from September 1, 1962, until October 26, 1962. Another petition for rehearing was denied by the Commission's Order of October 24, 1962. Petitioners thereafter served upon the Commission and Southern a Notice of Appeal from the Commission's Order discontinuing Trains Nos. 27 and 28, a summons, a petition for writ of certiorari and an Order signed by Judge Bates directing the Commission and Southern to show cause, if any, why the writ of certiorari should not be granted.

Southern demurred to the petition and both Southern and the Commission in their respective returns pleaded a general denial, alleged the Court is without jurisdiction, and that there is a defect in the parties in that the Commission has no capacity to be sued and the individual members thereof, who are necessary and indispensable parties, have not been made parties to this action. In addition, Southern alleges that there is no statutory basis for an appeal from an Order of the Commission and that petitioners are guilty of laches.

It has long been established that there is no appeal from the decisions, orders or regulations of public service commissions except as provided by constitutional or statutory provisions, and in the absence of such a provision no such right exists. *Southern Ry. Co. v. Public*

*Service Commission· et al.,* 195 S. C. 247, 10 S. E. (2d) 769; 73 C. J. S. Public Utilities § 64, p. 1147; 43 Am. Jur., Section 224, Public Utilities and Services, p. 720. Judicial review of the Public Service Commission's decisions is provided for by Section 58-124, Code of Laws of South Carolina, 1962, wherein both questions of law and fact may be reviewed by the Court of Common Pleas for Richland County. However, railroads are not within the definition of "public utilities" as defined in Section 58-101, Code of Laws of South Carolina, 1962, with the result that Section 58-124 provides no method of review of the Commission's decisions relating to railroads, *Darby, et al. v. Southern Ry. Co.,* 194 S. C. 421, 10 S. E. (2d) 465; *Southern Ry. Co. v. Public Service Commission et al.,* 195 S. C. 247, 10 S. E. (2d) 769.

A writ of certiorari is used to keep an inferior tribunal within the scope of its powers, *Ex parte Schmidt,* 24 S. C. 363; *State ex rel. Martin v. Moore,* 54 S. C. 556, 32 S. E. 700. One of the most important functions of the writ ˙is to determine whether the inferior tribunal acted without jurisdiction, *Patrick v. Maybank et al.,* 198 S. C. 262, 17 S. E. (2d) 530. The Superior Court, in considering the record of the inferior tribunal, must confine its review to the correction of errors of law only and not review findings of fact except when such findings are wholly unsupported by the evidence, *State ex rel. Davis v. State Board of Canvassers,* 86 S. C. 451, 68 S. E. 676; *Jennings v. McCown,* 97 S. C. 484, 81 S. E. 963; *Wyse v. Wolfe,* 129 S. C. 499, 123 S. E. 818; *McKnight v. Smith,* 182 S. C. 378, 189 S. E. 361; *Smoak v. Rhodes,* 201 S. C. 237, 22 S. E. (2d) 685; *Feldman v. South Carolina Tax Commission,* 203 S. C. 49, 26 ·S. E. (2d) 22; *Jacoby v. South Carolina State Board of Naturopathic Examiners,* 219 S. C. 66, 64 S. E. (2d) 138.·

The writ of certiorari can be issued only by a judge acting within his jurisdiction and unless the authority is inherent, or the jurisdiction is expressly or im-

pliedly conferred by Constitutional or Statutory provision, there is no power to issue the writ; 14 C. J. S. Certiorari § 54; 6 Cyc. 793; See *State ex rel. Canaday v. Black,* 34 S. C. 194, 13 S. E. 361: Want of jurisdiction of the Richland County Court over the subject matter of this action may be noticed *sua sponte* by the Supreme Court, *American Agricultural Chemical Co. v. Thomas,* 206 S. C. 355, 34 S. E. (2d) 592, 160 A. L. R. 594; *Hunter v. Boyd,* 203 S. C. 518, 28 S. E. (2d) 412; see *Goggans v. State Board of Education,* 133 S. C. 183, 130 S. E. 645; and *McCullough v. McCullough,* S. C., 130 S. E. (2d) 77.

In determining whether the Richland County Court had jurisdiction to issue the *writ of certiorari* in this case, reference must be made to Section 15-764, Code of Laws of South Carolina, 1962, which is the source of the Court's jurisdiction. Section 15-764(1) reads as follows:

"The county court shall have concurrent jurisdiction with the court of common pleas in all civil cases and special proceedings, both at law and in equity, when the amount demanded in the complaint does not exceed ten thousand dollars or when the value of the property involved does not exceed ten thousand dollars and in all other civil cases and special proceedings, both at law and in equity, in which there is no money demand or in which the right involved cannot be monetarily measured. The court shall have concurrent jurisdiction with the circuit court to hear and determine all appeals in civil cases from judgments rendered by magistrates' courts and the proceedings on such appeal shall be the same as are provided for appeal from magistrates' courts to the courts of common pleas. The court shall have concurrent jurisdiction with the court of common pleas of the county in actions relating to divorce from the bonds of matrimony."

The Richland County Court's appellate jurisdiction is limited to appeals in civil cases from judgments rendered by Magistrates' Courts. It also has concurrent jurisdiction with the Court of Common Pleas in certain civil

cases and special proceedings. *Certiorari* has long been held to be a civil action. *Rawl, et al. v. McCown, et al.,* 97 S. C. 1, 81 S. E. 958, 959; *Smith, et al. v. Saye, et al.,* 131 S. C. 378, 127 S. E. 568; but this Court has not previously had the opportunity to determine whether such procedure is original or appellate in nature.

*Certiorari* in some states by Statute is appellate in nature and in other States is held to be appellate by judicial decisions. In the following cases *certiorari* is characterized as an appellate proceeding, *Ex parte Snedden,* 37 Ala. App. 158, 65 So. (2d) 214; *Gould v. Klabunde,* 326 Ill. App. 643, 63 N. E. (2d) 258; *Saffran v. Adler,* 152 Fla. 405, 12 So. (2d) 124; *De Groot v. Sheffield,* Fla., 95 So. (2d) 912; *Moore v. McInnis,* Tex. Civ. App., 295 S. W. (2d) 707; *State ex rel. Melville v. Turner,* 37 Wash. (2d) 171, 222 P. (2d) 660; *Call v. Town of Afton,* 73 Wyo. 271, 278 P. (2d) 270.

"At common law the *writ of certiorari* is used for two purposes: (1) As an appellate proceeding for the re-examination of some action of an inferior tribunal. (2) As an auxiliary process to enable the Court to obtain further information with respect to some matter already before it for adjudication." 14 C. J. S. *Certiorari* § 3, p. 124.

"While *certiorari* has been said to be original in nature, it has also been said to be appellate. It may be said, indeed, to have characteristics of both. For example, to the extent that it involves the review of the proceedings of an inferior court, *certiorari* is an appellate proceeding, but to the extent that the subject matter of the proceeding brought before the appellate court will not be reinvestigated, tried, or determined on the merits as on appeal or writ of error, it is an original proceeding." 14 C. J. S. *Certiorari* § 2b (3), p. 124.

An appeal is a review by a superior court of some proceeding held in an inferior tribunal. The method of review may be called appeal or *certiorari* and be classified as an appellate proceeding as in Section 7-14, Code

of Laws of South Carolina, 1962, dealing with convictions in Magistrate or Municipal Courts.

■ In their petition to the Richland County Court, Respondents repeatedly refer to these proceedings as an appeal and allege that such Court has jurisdiction to hear appeals from the Commission and pray that a *writ of certiorari* be issued so that the Court may consider the record and reverse the Commission's Order of discontinuance. It is without doubt that the proceedings here are for the purpose of securing an appellate review and reversal of the Commission's Order and that the Richland County Court, having appellate jurisdiction in civil cases from judgments rendered in Magistrates' Courts only, is without jurisdiction in instant case.

For the foregoing reasons, we are of opinon that the Order appealed from must be reversed and set aside, and it is so ordered.

Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.