### 19155

Mrs. Franklin D. ALLEN, Individually and as representative of the residents of George's Acres Subdivision, Wildwood Subdivision, and adjacent areas, Respondents, v. Robert T. FOSS, Bill E. Shelley, Jack Newton, V. W. Patterson, Jr., D. Ballin Smith, James G. Johnson and Raymond C. Eubanks, Jr., as members of and constituting the Planning Commission for the City of Spartanburg, Lott Rogers, City Manager, and Rowland and Lynch, Contractors, Appellants.

(178 S. E. (2d) 659)

*Messrs. Max B. Cauthen, Jr.,* of *Cauthen & Eubanks,* and *T. E. Walsh,* of Spartanburg, *for Appellants,*

*E. C. Burnett, III, Esq.* of Spartanburg, *for Respondents,*

Jan. 14, 1971.

*Per Curiam:*

The respondent sought to appeal to the Spartanburg County Court from certain decisions of the Planning Commission for the City of Spartanburg in regard to the approval of a site plan for a housing project in the City of Spartanburg. The appeal here is from an order of the County Court reversing, in part, the decisions of the Planning Commission, remanding the matter to the Commission for further proceedings, and granting respondent certain injunctive relief against appellants Rowland and Lynch.

The appellate jurisdiction of the Spartanburg County Court is specified in Sec. 15-806 of the 1962 Code of Laws as amended by an Act of the General Assembly, 1970 (56) 2487. Under the principles enunciated in the opinion in the *City of Columbia v. S. C. Public Service Commission et al.,* 242 S. C. 528, 131 S. E. (2d) 705, we unhesitatingly conclude that the Spartanburg County Court had no jurisdiction of the attempted appeal in this case. The pertinent language of the statute here with respect to the appellate jurisdiction cannot be distinguished from the pertinent language of Code Sec. 15-764(1) which governed the appellate jurisdiction of the Richland County Court in the cited case.

We do not understand the respondent to seriously contend that the County Court did have jurisdiction.

Rather, it is argued that the appellants waived all questions of jurisdiction by appearing generally and contesting the appeal on the merits. It is elementary that lack of jurisdiction of the subject matter of an action cannot be waived. See cases collected in West's South Carolina Digest, Courts, Key No. 37.

Since the court below was without jurisdiction of the subject matter, it follows that its orders are void and must be vacated. There being no jurisdiction, all other questions raised on appeal are academic.

Reversed.