19200

The SOUTH CAROLINA BOARD OF EXAMINERS IN OPTOMETRY, Appellant-Respondent, v. Henry COHEN, Respondent-Appellant.

(180 S. E. (2d) 650)

*Messrs. Lyles & Lyles,* of Spartanburg, *for Appellant-Respondent,*

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Re-
spondent-Appellant,*

*E. Windell McCrackin, Esq.,* of Myrtle Beach, *for Respondent-Appellant, on Appeal,*

April 8, 1971.

LITTLEJOHN, Justice.

Under the terms of Chapter 18, Title 56 of the South Carolina Code of Laws of 1962, the South Carolina Board of Examiners in Optometry is charged with the duty of carrying out the purposes and provisions of the statutes which relate to the licensing of opticians and optometrists. The board has the authority to revoke or suspend an optician's license.

As a result of complaints which had been filed with the board, a rule to show cause was served on Henry Cohen on October 23, 1969. He was required to show why his license as an optician should not be either suspended or revoked, in that he practiced optometry upon Charles W. Anderson

and Bill Grace, violating the law governing the practice of optometry and the work of opticians. Specifically, it was charged, *inter alia,* "that you engaged in the practice of prescribing and fitting contact lenses" and in "that you * * * are operating under the name 'Sunland Optical Laboratory.' "

A hearing was held before the board, at which Cohen and his attorney appeared. Testimony was given by Charles W. Anderson, Bill Grace and Dr. S. T. Scarborough. Cohen elected not to testify and did not offer any evidence to the board. Thereafter the board filed an order in which it found Cohen guilty of violating several sections of the statutory law governing the practice of optometry and the work of opticians. It thereupon suspended his license for a period of twelve months.

Cohen then petitioned the lower court for a writ of certiorari, which was granted. Upon review the lower court reversed the board and held that there was not sufficient evidence to support its findings. The entire order of the board was set aside. Both the board and Cohen have appealed to this court.

We have not enumerated in detail the charges made against Cohen by the board. In this appeal the board raises several questions. In light of the view we take it is not necessary to review all of the charges made by the board or all of the exceptions addressed to this court. We conclude that the lower court erred in its finding that the evidence did not support the conclusions of the board when it found that Cohen fitted contact lenses in violation of the law, and wrongfully used a trade name.

The statutory law does not provide for an appeal from the actions of the board. Traditionally, in this State, the actions of this board have been reviewed by the courts on a writ of *certiorari.* Example: *Wagner v. Ezell,* 249 S. C. 421, 154 S. E. (2d) 731 (1967).

The part which the court should and may play in reviewing the work of an administrative board by way of writ of *certiorari* is fully described in the case of *Pettiford v. South Carolina State Board of Education*, 218 S. C. 322, 62 S. E. (2d) 780 (1950):

"The purpose and scope of writs of *certiorari* are clearly expressed by The Supreme Court of South Carolina in *Feldman v. South Carolina Tax Commission*, 203 S. C. 49, 26 S. E. (2d) 22, 24, where it states: 'A writ of *certiorari* cannot be made a substitute for an appeal or writ of error, as seems to have been done in this case. We have held in numerous cases that this Court on writ of *certiorari* will confine its review to the correction of errors of law only, and will not review the findings of fact of an inferior Court or body except when such findings are wholly unsupported by the evidence. *McKnight v. Smith*, 182 S. C. 378, 189 S. E. 361; *Young v. Sapp*, 167 S. C. 364, 166 S. E. 354; *Smith v. Saye*, 130 S. C. 20, 125 S. E. 269; *State ex rel. Davis v. State Board of Canvassers*, 86 S. C. 451, 68 S. E. 676. Judges of the Courts of Common Pleas are bound by the same rule and limitation. *Charles v. Byrd*, 29 S. C. 544, 8 S. E. 1; *State ex rel. Sawyer v. Fort*, 24 S. C. 510' ".

It was the testimony of Charles W. Anderson that he procured from the office of Dr. Wood, M. D., a prescription for ordinary spectacles. He took the prescription to the office of Cohen and told Cohen that he wanted contact lenses instead of eyeglasses. At Cohen's instigation they went to the office of Dr. Wood, where Cohen himself took measurements of each of Anderson's eyes. Anderson did not see Dr. Wood on this visit.

The measurements were taken with the use of an instrument found by the board to be an aphthalmometer. They then returned to Cohen's office where contact lenses were ordered. Later Anderson returned to Cohen's office and obtained the lenses. He was given instructions as to how to clean them and insert them. He was also instructed to return

to Dr. Wood's office after about a week for a checkup. Dr. Wood received a total of $22.00 for his services; Cohen received a total of $174.30 for his services and the lenses.

In the case of Bill Grace, Cohen took him also to the office of Dr. Wood and made necessary measurements preparatory to supplying him with contact lenses.

We think the judge in the lower court erred when he concluded that the testimony was vague as to what actually took place when Cohen with Anderson and Grace were at the office of Dr. Wood.

In the case of *Melton v. Ezell,* 250 S. C. 183, 156 S. E. (2d) 871 (1967), we held:

"A person shall be deemed to be practicing optometry if he shall 'prescribe *or fit* contact lenses.' " See Section 56-1051(5), Code of 1962.

It is abundantly clear that Cohen did fit contact lenses. The argument of counsel that Cohen worked under the supervision of Dr. Wood simply is not supported by the record. If such were true, Cohen could have so testified but did not. The evidence which was submitted proves the contrary. We hold that the lower court erred in setting aside the order of the board.

As indicated above, Cohen has also appealed. He asserts first, that the court erred in refusing to rule that the board should have eliminated as a matter of law the charge which reads as follows:

"7. In that you, as a dispensing optician, have been and now are operating under the name, Sunland Optical Laboratory."

The board refused to eliminate this charge and found Cohen guilty of violating Section 56-1075.1 of the Code, which reads in part as follows:

"* * * All licensed optometrists or dispensing opticians shall operate under the names under which they are licensed."

. The same statute prohibits a dispensing optician from having more than one branch office. It would appear that the legislature has found it desirable that people know the individual with whom they are doing business when services of an optician are sought. The argument that the due process clause, section 1 of the fourteenth amendment of the Constitution of the United States prohibits the legislature from so regulating the business of an optician is without merit.

Cohen further contends that the board is not authorized by Section 56-1077 to find him guilty of violating Section 56-1075.1. The contention is untenable. Section 56-1077 provides that a certificate of registration may be revoked or suspended by the board for any of the following causes: "* * * (6) Violating or attempting to violate any of the provisions of this chapter or rules or regulations issued pursuant thereto." That section goes on to provide that a suspension may be for not more than six months if the offense be a first offense. There is no question but what this is a second offense.

Lastly, Cohen contends that the penalty of suspension for one year is unduly harsh and should not be sustained. The record shows that Cohen had his license suspended in 1963 because of his possession of a keratometer and because of his improperly advertising in a high school year book. A keratometer serves the same purpose as an ophthalmometer. Both are used to measure the curvature of the eye preparatory to fitting contact lenses. An optician is not trained to fit contact lenses, nor qualified to use an ophthalmometer or a keratometer. We cannot say that the board exceeded its authority or abused its discretion in dealing with Cohen under the facts disclosed by the entire record. We find his appeal to be without merit.

The appeal of the board is sustained and the board is authorized to carry out its order.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.