24233

CRENCO FOOD STORES, INC., Respondent v.
The CITY OF LANCASTER, South Carolina, Appellant.

(457 S.E. (2d) 338)

Supreme Court

*Philip E. Wright,* Lancaster, *for appellant.*

*William C. Tindal* of *Bell, Tindal & Freeland,* Lancaster, *for respondent.*

*Roy D. Bates,* Columbia, *for amicus curiae, Municipal Ass'n of South Carolina.*

Heard Mar. 8, 1995.

Decided Apr. 17, 1995.

WALLER, Justice:

The City of Lancaster appeals an order invalidating license fees it imposes on video poker machines and gross income from cigarettes and tobacco products. We affirm in part, reverse in part and remand.

## FACTS

Respondent Crenco Food Stores (Crenco) operates two stores in Lancaster. The Lancaster Municipal Code requires every business to obtain a business license, the fee for which is based upon its gross income. In addition, the city requires all businesses which own video poker machines to pay a per machine license fee. Crenco paid its 1993 license fees under protest claiming:

> 1. the amount of Federal and State taxes it paid on cigarettes and tobacco products should be excluded from the calculation of its gross income on which license fees are imposed,[1] and
> 2. the maximum fee Lancaster could impose on **each video poker machine** was $15.00 and that the city could not, in addition to the per machine charge, impose an additional license fee on **each business'** gross receipts from the machines.[2]

Circuit Court agreed with Crenco. It held 1) that Lancaster could not impose a license fee on that portion of the sales price of tobacco products attributable to state and federal taxes paid, 2) that the maximum license fee Lancaster could impose for each poker machine was $15, and 3) that Lancaster could not impose an additional license fee on a business' gross receipts from the poker machines. Lancaster appeals.

## ISSUES

1) Did Circuit Court err in ordering Lancaster to refund that portion of the license fee attributable to taxes paid on tobacco products?

---

[1] It had paid $66,043 in taxes on cigarettes which was included in its total gross sales figure. The portion of the business license fee attributable to these taxes is $129.95.

[2] Crenco paid a total of $854.75 in license fees for its 13 poker machines.

2) May Lancaster impose a business license tax on gross income from video poker machines in **addition** to a business license fee on each machine?

## I. CIGARETTE TAXES

Lancaster asserts the trial court erred in ordering it to refund that portion of the license fee relative to state and federal taxes paid on tobacco products. We disagree.

At the hearing before the Circuit Court judge, Lancaster specifically conceded this issue and moved to refund that portion of license fee representing taxes paid on tobacco products, totalling $129.95. Accordingly, there is nothing for this Court to review. *Floyd v. Thornton*, 220 S.C. 414, 68 S.E. (2d) 334 (1952) (party may not complain of a ruling which he has invited or induced trial court to make).

## II. VIDEO POKER MACHINES

Lancaster concedes that Judges Rushing correctly ruled the maximum amount it could charge as a license fee **on each machine** pursuant to S.C. Code Ann. § 12-21-2720(B) (Supp. 1993) was $15.[3] However, it contends that it is entitled, in addition to the $15 license fee per machine, to impose a license fee tax on each **business** for the gross income from poker machines. We disagree.

Essentially, Lancaster's contention is that it is entitled to charge a $15.00 license fee for the **privilege of operating each machine** pursuant to S.C. Code Ann. § 12-21-2720, and, in addition, is entitled to impose a license fee **on each business for revenue generated by the machines**. We reject this contention. The applicable statutes do not permit Lancaster to impose a license fee on **gross receipts** from the machines.

S.C. Code Ann. § 5-7-30 (Supp. 1993) permits municipalities to "levy a business license tax on gross income" only to the extent it is not inconsistent with the general law of the State. Lancaster's attempt to levy a tax on a business' gross income pursuant to § 5-7-30 conflicts with the general law applicable to fees on video poker machines.

---

[3] This amount was increased to $300 every two years by 1993 Act No. 164, Part II.

The pertinent statutes are S.C. Code Ann. §§ 12-21-2720 and 12-21-2746 (1993 Supp.). Section 12-21-2720 sets forth the maximum license fee per machine Lancaster is permitted to impose "for the **privilege of making use of the machines**" which all parties concede is $15.[4] Section 12-21-2746, entitled "Levy of additional local license tax," provides as follows:

> Municipalities . . . may levy a **license tax on the business** taxed under this article, but in no case may a tax so levied exceed one-half of the amount levied by the State before March 28, 1956. (Emphasis supplied.)

The license tax levied by the State prior to March 28, 1956 was $25. Accordingly, under § 12-21-2746, the maximum license tax **per business** Lancaster may charge is one-half of $25 or $12.50. Accordingly, Lancaster's attempt to impose a **per business** fee based upon gross income from the video machines conflicts with the general law set forth in § 12-21-2746 permitting a maximum $12.50 per business fee.

## CONCLUSION

We affirm, on procedural grounds, Circuit Court's order requiring Lancaster to refund the portion of business license tax attributable to state and federal taxes paid on tobacco products. We reverse the judgment below to the extent the court held Lancaster could impose only a $15 **per machine** license fee. A $12.50 fee **per business** is also permissible under § 12-21-2746. Accordingly, the judgment below is

Affirmed in part, reversed in part, and remanded.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.

---

[4] Subsection (B) limits cities license fees per machine to not more than 20% of the maximum amounts allowed before March 28, 1956. That amount was $12.50 (plus 20% =$15). Subsections (C) and (D) were added to § 12-21-2720 in 1993 and now permit cities to impose a fee up to $150 per year for each machine.