513 S.E.2d 379

**Tony ROWE, Appellant,**

v.

**CITY OF WEST COLUMBIA, Respondent.**

**No. 2941.**

Court of Appeals of South Carolina.

Submitted Dec. 8, 1998.

Decided Feb. 16, 1999.

---

any case, a party's potential federal tax liability is not a factor in this court's decisions.

Howard Hammer, of Hammer, Hammer, Carrigg & Potterfield; and Scott Elliott, of Elliott & Elliott, both of Columbia, for appellant.

Vance J. Bettis and M. Richbourg Roberson, both of Gignilliat, Savitz & Bettis, of Columbia, for respondent.

HOWELL, Chief Justice:

The City of West Columbia (City) terminated Tony Rowe from its police force. The City's grievance committee and City Council upheld the termination. The circuit court reviewed Rowe's termination pursuant to a writ of certiorari and affirmed. Rowe again appeals. We vacate the decision of the circuit court.

## I.

The City terminated Rowe's employment as a police officer for allegedly "clocking in" at Wal-Mart on eight separate occasions during the same period his time cards indicated he performed duties as a shift supervisor with the City's police department. The City also arrested Rowe for this alleged misconduct.

Rowe appealed his termination to the City's Grievance Committee (Committee). The Committee denied Rowe's request to stay the grievance hearing until Rowe resolved the criminal charges. In accordance with the City's grievance procedure, the Committee prohibited Rowe's attorney from advising him during the hearing, speaking on his behalf, and

questioning or submitting witnesses.[1] The Police Chief presented time cards from both Wal–Mart and the City's police department indicating Rowe was clocked in at Wal–Mart and the City during the same time period. Rowe denied the charges and accusations and maintained his innocence, but he refused further comment, invoking his Fifth Amendment privilege against self-incrimination. The Committee recommended upholding Rowe's termination.

The City Council received the Committee's recommendation and considered the matter in two executive sessions. The City Council upheld the Committee's recommendation to terminate Rowe without stating its own independent findings of fact.

Rowe appealed to the circuit court, alleging that in processing his termination, the City violated South Carolina's Administrative Procedure Act (the APA), S.C.Code Ann. §§ 1–23–310 to –400 (1986 & Supp.1998). The circuit court concluded that neither the City Council nor the Committee was an "agency" within the meaning of the APA, and therefore concluded it lacked subject matter jurisdiction over Rowe's appeal. The court determined, however, that it had jurisdiction to review the termination pursuant to a writ of certiorari. The circuit court ruled in favor of the City and denied Rowe's subsequent motion for a new trial or to amend judgment.

## II.

On appeal, Rowe first contends that the circuit court lacked subject matter jurisdiction over his appeal. "Lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court." *Anderson v.. Anderson,* 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989); *see also Chabek v. Nationwide Mut. Fire Ins. Co.,* 303 S.C. 26, 29, 397 S.E.2d 786, 788 (Ct.App.1990) (Parties cannot confer subject matter jurisdiction by consent). Thus, notwithstanding the fact that it was Rowe who brought this matter before the circuit court, he may properly raise the issue on appeal.

---

1. Under the grievance procedure, however, Rowe could have presented affidavits or unsworn written statements from witnesses, as well as other documentary or physical evidence.

## A.

■ To resolve the question now before this Court, it is important to understand the nature of the proceeding before the circuit court. The circuit court concluded that because there was no statutory right to appeal the decision to terminate Rowe, it could review the decision by way of a writ of certiorari. In *City of Columbia v. South Carolina Public Service Commission*, 242 S.C. 528, 131 S.E.2d 705 (1963), our Supreme Court explained the nature of a writ of certiorari:

> "At common law the writ of certiorari is used for two purposes: (1) As an appellate proceeding for the re-examination of some action of an inferior tribunal. (2) As an auxiliary process to enable the Court to obtain further information with respect to some matter already before it for adjudication."

> "While certiorari has been said to be original in nature, it has also been said to be appellate. It may be said, indeed, to have characteristics of both. For example, to the extent that it involves the review of the proceedings of an inferior court, certiorari is an appellate proceeding, but to the extent that the subject matter of the proceeding brought before the appellate court will not be reinvestigated, tried, or determined on the merits as on appeal or writ of error, it is an original proceeding."

*Id.* at 534, 131 S.E.2d at 707 (citations omitted). The Court concluded that when a court is reviewing some proceeding held in a lower tribunal, the proceeding is an appellate proceeding, regardless of the title given the proceedings by the reviewing court. *Id.* ("An appeal is a review by a superior court of some proceeding held in an inferior tribunal. The method of review may be called appeal or certiorari and be classified as an appellate proceeding. . . .").

In this case, the circuit court was called upon to review the propriety of the City's decision to terminate Rowe. Thus, we must keep in mind that, regardless of the title given to the circuit court's method of review, the proceeding before the circuit court was appellate in nature.

### B.

■ Under the South Carolina constitution, "[t]he Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law." S.C. Const. Art. V, § 11 (Supp.1998). Thus, we must determine whether appellate jurisdiction over this matter has been "provided by law" to the circuit court.

The County and Municipal Employees Grievance Procedure Act under which Rowe proceeded lacks a provision for judicial review. *See* S.C.Code Ann. § 8–17–110—160 (1986 & Supp. 1998). Thus, this act cannot be viewed as granting jurisdiction to the circuit court over this matter.

■ Similarly, there is no provision in the APA authorizing an appeal under the circumstances of this case. The APA provides that "[a] party who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this article." S.C.Code Ann. § 1–23–380(A) (Supp. 1998). A "contested case" is defined by the APA as "a proceeding including, but not restricted to, ratemaking, price fixing, and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing," while an "agency" is defined as "each *state* board, commission, department, or officer, other than the legislature or the courts, but to include the administrative law judge division, authorized by law to determine contested cases." S.C.Code Ann. § 1–23–310(2) & (3) (Supp.1998) (emphasis added). Clearly, neither the City nor the Committee can be considered a state board, commission, or department. *See Housing Authority of the City of Charleston v. Olasov*, 282 S.C. 603, 607, 320 S.E.2d 478, 480–81, n. 3 (Ct.App.1984) (A municipal housing authority is not a state agency within meaning of the APA.). Accordingly, the APA does not provide a means for judicial review of the decision to terminate Rowe.

The parties point to no other statutory or constitutional grant of appellate jurisdiction to the circuit court in this case, and our own research reveals none. The City, however,

contends that because there is no statutory or constitutional provision for an appeal in this case, the circuit court's certiorari review was proper under common law principles. *See South Carolina Bd. of Examiners in Optometry v. Cohen*, 256 S.C. 13, 17, 180 S.E.2d 650, 652 (1971) ("The statutory law does not provide for an appeal from the actions of the board. Traditionally, in this State, the actions of this board have been reviewed by the courts on a writ of certiorari."); *Jacoby v. South Carolina State Board of Naturopathic Examiners*, 219 S.C. 66, 88–90, 64 S.E.2d 138, 148 (1951) (permitting review under writ of certiorari from a board revoking liquor licenses where the law provides no procedure for review); *Feldman v. South Carolina Tax Comm'n*, 203 S.C. 49, 52, 26 S.E.2d 22, 23 (1943) ("The law provides no mode of procedure for appeal from the order of the Tax Commission revoking the license of a retail liquor dealer. It is generally held, however, that the method of reviewing the action of a board or tribunal in revoking a liquor license is by writ of certiorari, upon the theory that while such bodies do not exercise the 'judicial power of the state,' as that phrase is used in conferring judicial power upon the courts of the state, they do exercise a quasi judicial power in such matters.").

As noted above, the County and Municipal Employees Grievance Procedure Act (the Act) makes no provision for an appeal of a decision by the governing body of a county or municipality. Instead, the Act specifically provides that the decision of either the grievance committee or the governing body, depending on the circumstances, is "final." S.C.Code Ann. § 8–17–140 (Supp.1998) ("If the individual or body vested with employment and discharge authority approves, the decision of the grievance committee is final.... If, however, the individual or body vested with employment and discharge authority rejects the decision of the committee, it shall make its own decision without further hearing, and that decision is final...."). Nonetheless, the "finality" of the decision by the grievance committee or the governing body does not preclude judicial review of that decision, at least where, as here, the decision at issue is the decision to terminate an employee. A terminated city or county employee, like other employees, retains the right to challenge the termination by bringing a breach of contract or wrongful discharge action in circuit

court. *See Vaught v. Waites,* 300 S.C. 201, 205, 387 S.E.2d 91, 93 (Ct.App.1989) (that Act makes decision "final" does not prohibit breach of contract action against municipality: "As we view Section 8–17–140, the language that the decision of the body vested with discharge authority shall be 'final' refers to the exhaustion of the complaining employee's administrative remedies."); *see also Dew v. City of Florence,* 279 S.C. 155, 303 S.E.2d 664 (1983) (declaratory judgment action brought by city employee challenging her termination).

In cases like those mentioned above where certiorari review is permitted, there are, to our knowledge, no actions similar to a wrongful discharge or breach of contract action that could be brought to provide judicial review of the governmental action. Thus, certiorari review provides the only avenue for any meaningful judicial review of the action, review that, in many cases, is constitutionally required. *See* S.C. Const. Art. I, § 22 (1977) ("No person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard; nor shall he be subject to the same person for both prosecution and adjudication; nor shall he be deprived of liberty or property unless by a mode of procedure prescribed by the General Assembly, and he shall have in all such instances the right to judicial review."); *Ross v. Medical University of South Carolina,* 328 S.C. 51, 68, 492 S.E.2d 62, 71 (1997) ("We have interpreted [article I, section 22 of the South Carolina Constitution] as specifically guaranteeing persons the right to notice and an opportunity to be heard by an administrative agency, even when a contested case under the APA is not involved."); *League of Women Voters of Georgetown County v. Litchfield–by–the–Sea,* 305 S.C. 424, 426–27, 409 S.E.2d 378, 380 (1991) (because DHEC's action was not a contested case under the APA, the decision was not reviewable under the APA; nonetheless, article I, section 22 required the agency to provide interested parties with notice and the opportunity to be heard).

In cases such as this one, however, the availability of a breach of contract or wrongful discharge action does provide an opportunity for judicial review of the governmental decision. A writ of certiorari is an extraordinary form of relief that generally is used only in the absence of other effective

relief. *See Ray v. State*, 330 S.C. 184, 186, 498 S.E.2d 640, 640 n. 1 (1998) ("This matter is before the Court pursuant to a common law writ of certiorari. Petitioner's trial attorneys neglected to file a timely appeal, necessitating this extraordinary relief."); 14 C.J.S. *Certiorari* § 6 (1991) ("The writ is reserved for extraordinary situations or exceptional circumstances, and is granted sparingly."). Thus, we conclude that the availability in this case of a form of judicial review, even if that review is collateral review, renders unavailable the certiorari review exercised by the circuit court in this case. *See* 14 Am.Jur.2d § 11 (1964) ("[A] writ of certiorari will not issue if there is another adequate remedy, such as an appeal or writ of error, *an action at law* or in equity, or intervention with the right of appeal secured.") (emphasis added); *cf. Key v. Currie*, 305 S.C. 115, 116, 406 S.E.2d 356, 357 (1991) (The Supreme Court "will not entertain matters in its original jurisdiction where the matter can be entertained in the trial courts of this State. Only when there is an extraordinary reason such as a question of significant public interest or an emergency will this Court exercise its original jurisdiction.").

■ The problems that would arise from reviewing termination decisions by writ of certiorari can be illustrated by the issues raised in this proceeding. Rowe argued to the circuit court that the City's procedure in terminating him violated his due process rights. The circuit court rejected that argument, concluding that Rowe had no property interest in continued employment and therefore was not entitled to due process. *See, e.g., Storrer v. University of South Carolina*, 288 S.C. 555, 559, 343 S.E.2d 664, 666 (Ct.App.1986) ("The constitution of both the United States and South Carolina do not require notice and a hearing comporting with due process prior to the non-renewal of a non-tenured state teacher's contract, unless the non-renewal deprived the teacher of an interest in 'liberty' or a 'property interest' in continued employment."). On appeal to this Court, Rowe contends that, assuming certiorari review was proper, the circuit court exceeded its certiorari jurisdiction by concluding Rowe did not have a property interest in his employment. *See South Carolina Bd. of Examiners in Optometry v. Cohen*, 256 S.C. 13, 18, 180 S.E.2d 650, 652 (1971) (A court reviewing a case on a writ of certiorari must "confine its review to the correction of errors of law only,

and will not review the findings of fact of an inferior Court or body except when such findings are wholly unsupported by the evidence.") (quoting *Pettiford v. South Carolina State Bd. of Educ.*, 218 S.C. 322, 62 S.E.2d 780 (1950)).

When concluding that Rowe did not have a property interest in continued employment, the circuit court stated, "there is nothing in the record before me showing that Rowe had a property right in his employment with the City.... Thus, the evidence before the Court supports the City's contention that Rowe had no property interest in continued employment." The problem with this analysis, however, is that the question of whether Rowe had a property interest in his employment was not an issue during the grievance proceeding. The issue before the Committee was whether Rowe was properly terminated; the constitutionality of the City's grievance procedure or whether Rowe had a property interest in his employment simply was not at issue.

Moreover, it is apparent that the Committee was not intended to and is really not equipped to resolve such issues, given the function of Committee and the nature of its proceedings. *See* S.C.Code Ann. § 8–17–110 (1986) ("The General Assembly finds that a uniform procedure to resolve grievances of county and municipal employees arising from their public employment will contribute to more harmonious relations between public employers and public employees and result in an improvement in public service."); S.C.Code Ann. § 8–17–120 (1986) ("The governing body of any county or any incorporated municipality in this State may by ordinance or resolution adopt a plan for the hearing and resolution of employee grievances which, if adopted, shall conform substantially to the guidelines set forth in this article. As used in this article, grievances may include, but shall not necessarily be limited to, dismissal, suspensions, involuntary transfers, promotions and demotions."); City of West Columbia Employee Handbook (defining grievance as "any complaint by an employee that he has been treated unfairly, unlawfuly, or in violation of his rights under City policies, with regard to any matter pertaining to his employment by the City of West Columbia.").

Because Rowe could not effectively raise the due process issue to the Committee or the City Council, it cannot be

surprising that there was no evidence in the record establishing a property interest in his employment. The circuit court, therefore, made an inherently factual determination about whether Rowe had a property interest in his employment in the context of an appeal from a proceeding where the issue had not been raised and on which no evidence had been presented. Such an action seems not only to exceed the scope of the circuit court's certiorari review, but also to violate well-established principles of appellate procedure. *See, e.g., Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal....").[2]

Because of the nature of the grievance proceedings and the circuit court's limited certiorari review, Rowe simply could not prevail on his constitutional claims. Thus, a conclusion that certiorari review is proper in these circumstances would either effectively preclude the possibility that meritorious constitu-

---

2. In *Floyd v. Thornton,* 220 S.C. 414, 68 S.E.2d 334 (1951), the Secretary of State refused to issue a bank charter to the appellants. The appellants brought an action in circuit court seeking an order requiring the issuance of the charter. The appellants also challenged the constitutionality of a particular statute. The matter was before the circuit court on a writ of certiorari. 220 S.C. at 422–24, 68 S.E.2d at 338. The Supreme Court noted that "ordinarily the constitutionality of an act should not be determined on an application for a discovery or for the issuance of a writ of certiorari." *Id.* at 424, 68 S.E.2d at 339. The Court concluded, however, because both parties had an adequate opportunity to argue the constitutional question, that the circuit court did not abuse its discretion by deciding the constitutional issue. *Id.* at 425–26, 68 S.E.2d at 339–40.

The appellants in *Floyd* were seeking a declaration that the statute upon which the Secretary of State based his refusal to issue the charter was unconstitutional, and a mandatory injunction requiring the official to issue the charter. Thus, although the matter was before the circuit court on a writ of certiorari, the court was not called upon to review the decision of an inferior tribunal. Accordingly, the certiorari proceeding in *Floyd* was more in the nature of an original, rather than appellate, action. *See City of Columbia v. South Carolina Public Serv. Comm'n,* 242 S.C. 528, 534–35, 131 S.E.2d 705, 708 (1963) (noting that certiorari proceedings can be considered either original or appellate; however, whether the proceedings are called appellate or certiorari, an action seeking review and reversal of a decision of a lower tribunal falls within the court's appellate jurisdiction). We do not believe *Floyd* can be understood to alter well-established principles of appellate practice and error preservation in cases where the circuit court, although calling its review certiorari review, is sitting in an appellate capacity.

tional challenges would be recognized, or would require the wholesale abandonment of well-established principles of error preservation and appellate procedure. However, if a wrongful discharge or other action were brought in the circuit court, these issues could be addressed in the first instance by the circuit court sitting as a trial court. All issues relating to the discharge could be resolved by the trial court without straining existing rules or trying to force the action into a setting where the issues cannot be properly addressed.

Accordingly, for the foregoing reasons, we conclude that the circuit court lacked subject matter jurisdiction over this action and we therefore vacate the opinion of the circuit court. *See, e.g., Allen v. Foss,* 255 S.C. 336, 339, 178 S.E.2d 659, 660 (1971) ("Since the court below was without jurisdiction of the subject matter, it follows that its orders are void and must be vacated."). We express no opinion as to the viability or timeliness of any wrongful discharge or breach of contract action that Rowe might hereafter institute.

**VACATED.**

STILWELL, J., concurs.

ANDERSON, J., concurs in result only.