THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 John Hollman, Respondent,
 v.
 Dr. Jonathon
 Woolfson, individually; TLC Laser Eye Centers (Piedmont/Atlanta) LLC; TLC The
 Laser Center (Institute), Inc; Dr. Michael A. Campbell, individually; Optical
 Solutions, Inc.; and Optical Solutions of Bluffton, LLC, Defendants,
 of whom Dr.
 Jonathan Woolfson, TLC The Laser Center (Institute), Inc., TLC Laser Eye
 Centers (Piedmont/Atlanta) LLC are Petitioners.
 and Danielle
 Hollman, Respondent,
 v.
 Dr. Jonathon
 Woolfson, individually; TLC Laser Eye Centers (Piedmont/Atlanta) LLC; TLC The
 Laser Center (Institute), Inc; Dr. Michael A. Campbell, individually; Optical
 Solutions, Inc.; and Optical Solutions of Bluffton, LLC, Defendants,
 of whom Dr.
 Jonathan Woolfson, TLC The Laser Center (Institute), Inc., and TLC Laser Eye Centers (Piedmont/Atlanta) LLC are Petitioners.
 And George E.
 Carter, Jr., and Jean Carter, Respondents,
 v.
 TLC Laser Eye Center (Institute), Inc.
 f/k/a TLC The Laser Center (Piedmont), Inc., Petitioner.
 
 
 

Appeal From Greenville County
 John C. Few, Circuit Court Judge
Memorandum Opinion No.  2009-MO-025
Submitted May 19, 2009  Filed May 28,
 2009  
REVERSED AND REMANDED

 
 
 
 W. Howard Boyd, Jr., Ronald G. Tate, Jr., and J. Matthew
 Whitehead, of Gallivan, White & Boyd, PA, of Greenville, for Petitioners
 TLC The Laser Eye Center(Institute), Inc. and TLC Laser Eye Centers (Piedmont/Atlanta)
 LLC; George C. Beighley, of Richardson Plowden & Robinson, P.A., for
 Petitioner Woolfson.
 Douglas F. Patrick and Stephen R.H. Lewis, of Covington, Patrick
 Hagins, Stern & Lewis, P.A., of Greenville; James Walter Fayssoux, Jr., and
 Paul S. Landis, of Anderson Fayssoux Chasteen & Mitchell, of Greenville,
 for Respondents.
 
 
 

PER
 CURIUM:  Petitioners have
 filed a petition for a writ of certiorari in this Courts original jurisdiction
 seeking review of an order of the circuit court allowing respondents to contact
 non-party patients of petitioners.  We grant the petition, dispense with
 further briefing, reverse the order of the circuit court modifying the
 Protective Order, and remand the matter to the circuit court.
This
 matter involves three actions filed against petitioners for medical
 malpractice, fraud, and breach of contract arising out of LASIK eye surgeries. 
 By order dated November 14, 2008, the circuit court compelled petitioners to
 respond to respondents discovery requests, including the production of the
 medical records of several nonparty patients treated at petitioners
 facilities.  At the same time, a Protective Order was issued to prohibit the
 use of confidential information obtained through the medical records and to
 prohibit any person from contacting the nonparty patients or their medical
 providers.  Petitioners complied with the orders and provided unredacted copies
 of the medical records of the nonparty patients.
On
 February 17, 2009, respondents filed a motion to modify the Protective Order to
 allow them to contact and interview nonparty patients of petitioners whose
 identity and medical records were disclosed pursuant to the November 14th order.  The circuit court found respondents were entitled to interview the
 nonparty patients subject to the privacy safeguards set forth in the Protective
 Order.  Petitioners seek a writ of certiorari to review the order modifying the
 Protective Order.
This Court
 will not entertain matters in its original jurisdiction which can be determined
 below without material prejudice to the rights of the parties.  Rule 245(a),
 SCACR.  Only if an extraordinary reason, such as a question of significant
 public interest or an emergency, exists will the Court determine a matter in
 its original jurisdiction.  Key v. Currie, 305 S.C. 115, 406 S.E.2d 356
 (1991).  Although a discovery order is not generally immediately appealable, a
 writ of certiorari may be issued to review a discovery order where exceptional
 circumstances exist.  Lafitte v. Bridgestone Corp., 381 S.C. 460, 674
 S.E.2d 154 (2009).  On certiorari, this Court will
 review only errors of law and will not review factual findings unless wholly
 unsupported by the evidence.  S.C. Bd. of Examrs in Optometry v. Cohen,
 256 S.C. 13, 180 S.E.2d 650 (1971).
Rule 26(b)(1), SCRCP, provides, unless otherwise limited by order of the court, [p]arties may
 obtain discovery regarding any matter, not privileged, which is relevant to the
 subject matter involved in the pending action . . . It is not ground for
 objection that the information sought will be inadmissible at the trial if the
 information sought appears reasonably calculated to lead to the discovery of
 admissible evidence.  If the discovery process threatens to become abusive or
 create a particularized harm to a litigant or third party, the trial judge may
 issue an order to protect a party or person from annoyance, embarrassment,
 oppression, or undue burden by expense.  Rule 26(c), SCRCP; Hamm v.
 S.C. Pub. Serv. Commn, 312 S.C. 238, 439 S.E.2d 852 (1994).  If a person
 requesting a protective order shows a particularized harm which will be caused
 by allowing the discovery, the opposing party has the burden of showing the
 information sought is relevant and necessary to the case.  Lafitte v.
 Bridgestone Corp., supra; Hamm v. S.C. Publ. Serv. Commn,
 supra.  In determining whether a protective order is necessary, the trial
 judge is required to weigh the factors of whether the information sought is relevant
 and necessary evidence against any particularized harm the opposing party may
 suffer.  Lafitte v. Bridgestone Corp., supra; Hamm v. S.C. Pub. Serv.
 Commn, supra.  In determining whether information is necessary, the party
 seeking the information must demonstrate with specificity exactly how the lack
 of information will impair the presentation of the case on the merits to the
 point that an unjust result is a real, rather than a merely possible, threat.  Lafitte v. Bridgestone Corp., 674 S.E.2d at 163.  The trial court must
 determine whether there are reasonable alternatives available to discover the
 information.  Id.
The
 circuit court judge found the confidential health information of the nonparty
 patients was properly protected by the November 14th Protective
 Order.  He found modifying the prior order to allow respondents to interview
 the witnesses was both reasonable and highly relevant to respondents
 claims.  However, the judge specifically found the relevant and necessary
 balancing test was not applicable in this matter and made no findings that the
 interviews were necessary.
The
 circuit court erred as a matter of law in finding the relevant and necessary
 test was inapplicable.  Because the judge did not address whether the
 interviews with the nonparty patients were necessary to respondents claims, we
 reverse the order of the circuit court modifying the Protective Order and
 remand this matter for a finding on this portion of the necessary element of
 the test.

REVERSED
 AND REMANDED.
TOAL, C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.