14993

JACKSON v. SOUTH CAROLINA TAX COMMISSION *ET AL.*

(6 S. E. (2d), 745)

March, 1939.

*Messrs. John M. Daniel, Attorney General,* and *Claude K. Wingate,* for appellants,

*Messrs. W. C. Cothran* and *James H. Price,* for respondent,

January 8, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The sole question before the Court in this case is:

Is it a violation of Section 18 of Act 232 of the Acts of 1935, legalizing the sale of alcoholic liquors in South Carolina, to make a sale of liquor that is otherwise lawful, where the seller knows that the purchaser is known in the community as a bootlegger or illicit liquor dealer?

Section 18 provides that "the manufacture, sale, barter, or exchange, receipt or acceptance for unlawful use, delivery, storing and keeping in possession within this State of any alcoholic liquor as herein defined, except as is provided in this Act, is hereby prohibited * * *." Thus the things prohibited are separately classified. They are, in the language of the statute:

(1) The manufacture, sale, barter, or exchange.

(2) Receipt or acceptance for unlawful use.

(3) Delivery.

(4) Storing and keeping in possession.

These are well-defined classifications of distinct types of actions or transactions. The above-numbered subdivisions each creates a separate offense or class of offense under the Act.

For example, the manufacture, sale, barter or exchange of liquor is prohibited without regard to whether any of the other elements of the statute are present in a given case, such as receipt for unlawful use, delivery, storing, etc. *The receipt or acceptance for unlawful use* is in itself a complete classification of prohibitions. It does not qualify or add to the prohibition of manufacture, sale, barter or exchange, which precedes it, nor does it qualify or otherwise affect the offenses of delivery or storing and keeping in possession which follow it.

To relate the receipt or acceptance for unlawful use to the preceding words of the Act is to construct an offense

which is not specified in the Act. The offense specified, as pertinent here, is the making of a sale, "except as is provided in this Act," not the making of a sale for unlawful use. The receipt or acceptance for unlawful use is a separate offense, definitely defined. It would not be argued that the words "receipt or acceptance for unlawful use" must be read into the offense of delivery, or storing, because delivery alone, "except as is provided in this Act," makes the offense. The same argument controls the manufacture, sale, etc.

The words "receipt or acceptance for unlawful use" are used *either* to designate a distinct offense, *or* to add meaning to the preceding words. Certainly both attributes cannot be ascribed, for the suggestion that the quoted words describe the character of manufacture, sale, etc., would exhaust the meaning and the office of those words, whereas the obvious purpose and intent of the Legislature was to designate by them a separate and distinct offense.

The contrary view would completely emasculate the statute, making it read as applied to the facts of the present case: "The sale *for unlawful use,* except as is provided in this Act, is hereby prohibited." This interpolation of the italicized words shows the incongruity of the argument that a sale is prohibited under the terms of the Act on the ground that the purchaser is known to be making the purchase "for unlawful use," although the sale was otherwise lawful.

While punctuation in a statute is not controlling, it cannot be ignored where there is no patent ambiguity, and where the punctuation gives meaning and effect to the language used. Especially is this true where a disregard of the punctuation as found in the statute will have a material effect upon the construction thereof. *Caston v. Brock,* 14 S. C., 104.

It is not questioned that if the Legislature did impose on liquor dealers the duty to refrain from selling to purchasers who are buying liquor for unlawful use, the duty so imposed would not invalidate the legislation. But the

Legislature has not done this. Such a drastic legislative purpose should not be injected into a statute when the language used does not clearly call for it.

Here we are not dealing with an ambiguity in statutory phraseology or verbiage. In a carefully constructed sentence the Legislature has specified four distinct classes of cases in which, if the acts are done otherwise than as provided in the statute, the dealer is guilty of violation of law. To hold otherwise than as above indicated is in effect to destroy so much of the Act makes receipt or acceptance for unlawful use a distinct crime and to use the quoted words as merely descriptive of the character of manufacture or sale which is prohibited in a separate classification of the statute.

This Court in construing the old dispensary law of 1896, which contains the identical phraseology of the section under discussion, reached the same conclusion as above announced. See *State v. Chastain*, 49 S. C., 171; 27 S. E., 2.

The fact that we are here dealing with penal legislation which calls for a strict construction of the language used, and adherence to the precise expressions of legislative intent, is an additional ground, if one were needed, for the adoption of the view above expressed.

The opinions in this case heretofore filed are withdrawn, and this opinion substituted.

The exceptions of appellants are overruled, and the order of the Circuit Judge affirmed.

MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.

MR. CHIEF JUSTICE STABLER did not participate in the decision of this case.