## 15548

### FELDMAN v. SOUTH CAROLINA TAX COMMISSION *ET AL.*
(26 S. E. (2d), 22)

March, 1943.

*Attorney General John M. Daniel* and *Mr. Claude K. Wingate,* both of Columbia, as Counsel for Appellant Tax Commission,

*Mr. C. T. Graydon* and *Mr. F. Ehrlich Thompson,* both of Columbia, S. C., Counsel for Respondent,

June 4, 1943.

,MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous opinion of the Court:

On October 30, 1942, a citation was issued by the South Carolina Tax Commission to Ben Feldman, a regularly licensed retail liquor dealer, to show cause why his license should not be revoked for an alleged sale of alcoholic liquors to one LeRoy Sessions, a minor, on October 7, 1942.

The sale was made from the respondent's liquor store located on Main Street in the Town of Summerton.

A hearing was held on the rule on November 20, 1942, at which time the respondent appeared in person, and was represented by counsel. At the commencement of the hearing the respondent entered the admission that on the day named in the citation, his clerk, John Rhett Mouzon, who was in charge of the store, "sold to Clyde Sessions, a Negro boy, who according to the records of the Bureau of Vital Statistics, was born on October 24, 1925, one-half pint of gin for 75¢." Although this boy is named in the citation as LeRoy Sessions, and in the admission as Clyde Sessions, it appears that there is no question as to his identity. So far as the record shows he was known by both names.

Following this admission, testimony was introduced, upon a consideration of which the commission concluded as a fact that the manager of the store who made the sale knew that LeRoy Sessions was under the age of twenty-one years. The commission thereupon issued its order, of date November 20, 1942, revoking the respondent's license, effective December 1, 1942.

The law provides no mode of procedure for appeal from the order of the tax commission revoking the license of a retail liquor dealer. It is generally held, however, that the method of reviewing the action of a board or tribunal in revoking a liquor license is by writ of certiorari, upon the theory that while such bodies do not exercise the "judicial power of the state," as that phrase is used in conferring judicial power upon the Courts of the State, they do exercise a *quasi*-judicial power in such matters. Annotation, Ann. Cas., 1917-A, 1024. Upon the filing of the order of revocation, Mr. Feldman presented his petition to a Judge of the Circuit Court praying, upon stated grounds, that the order of the commission be set aside, and obtained a writ of certiorari. The tax commission made due

return thereto, and certified and transmitted to the Circuit Court the complete record of the proceedings taken before it, including all of the testimony.

In the citation issued against Feldman, he was simply charged with making an unlawful sale to a minor. It was not charged that the sale was "knowingly" made, and this was one of the issues presented to the Circuit Court on certiorari necessitating a construction of the applicable law.

The pertinent provisions of the statute (Sec. 1840, 1942 Code) follow: "*  *  *  nor shall he sell, barter, or exchange, or offer for sale, barter, or exchange, or permit to be sold, bartered, or exchanged any alcoholic liquors to minors. If any person is found drinking alcoholic liquor on said premises, it shall be *prima facie* evidence of the violation of this section, and the person so found drinking on said premises shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not less than five ($5.00) dollars, nor more than one hundred ($100.00) dollars, or imprisoned for not more than thirty (30) days. No retail dealer shall knowingly sell, offer for sale, barter, or exchange any alcoholic liquors to any person when drunk or intoxicated, nor to a minor, nor to any insane person, and upon violation of any of these provisions, upon conviction, shall suffer the penalties hereinafter provided  *  *  *."

It will be noted that the first clause in that portion of the section from which we have quoted does not contain the word "knowingly", nor words of like import. The offense is made to consist solely in the fact of a sale of alcoholic liquors to a minor. In the last provision quoted, the statute prohibits any retail dealer from "knowingly" selling liquor to a minor.

Emphasizing the apparent contradiction and inconsistency of these two provisions of the statute, the respondent, Feldman, contends that the Act in this respect is ambiguous and requires judicial construction. And it is argued that if there be a doubt as to the proper con-

struction, that doubt must be resolved in favor of the citizen against the State; and, further, that there being a conflict between the provisions of Section 1840, the last provision in order of arrangement must prevail. This being a penal statute, it should be strictly construed. *Jackson v South Carolina Tax Commission,* 192 S. C., 350, 6 S. E. (2d), 745.

In the consideration of conflicting provisions in a statute, the great object to be kept in view is to ascertain the legislative intent, and a construction which best secures the rights of all the parties affected has been held to be the proper construction. In accordance with the principle that the last expression of the legislative will is the law, where conflicting provisions are found in the same statute, or in different statutes, the last in point of time or order of arrangement prevails. *State v. Lewis,* 141 S. C., 207, 139 S. E., 386; *State v. Brown,* 154 S. C., 55, 151 S. E., 218; 59 C. J., § 596, page 999. However, this is purely an arbitrary rule of construction and is to be resorted to only when there is clearly an irreconcilable conflict, and all other means of interpretation have been exhausted.

It appears here that we have two provisions in the same statute which are clearly repugnant to each other. A careful examination of the entire Act furnishes no light which enables us to harmonize and reconcile the two inconsistent clauses. Therefore, resort must be had to the rule above stated, and we conclude that the last expression of the legislative will prevails. It follows that in order to convict under this statute, or to revoke a liquor dealer's license, it must be shown that a sale of alcoholic liquors was "knowingly" made to a minor.

The Circuit Court in our opinion was correct in adopting this construction. That Court found as a matter of fact that the respondent through his store manager made a sale of alcoholic liquors to LeRoy Sessions, a minor. But it set aside the order of the tax commission revoking the

license, upon the ground that the record fails to show sufficient evidence of knowledge on the part of the salesman that the boy was a minor. In this holding, we think the Circuit Court fell into error.

A writ of certiorari cannot be made a substitute for an appeal or writ of error, as seems to have been done in this case. We have held in numerous cases that this Court on writ of certiorari will confine its review to the correction of errors of law only, and will not review the findings of fact of an inferior Court or body except when such findings are wholly unsupported by the evidence. *McKnight v. Smith,* 182 S. C., 378, 189 S. E., 361; *Young v. Sapp,* 167 S. C., 364, 166 S. E., 354; *Smith v. Saye,* 130 S. C., 20, 125 S. E., 269; *State v. State Board of Canvassers,* 86 S. C., 451, 68 S. E., 676. Judges of the Courts of Common Pleas are bound by the same rule and limitation. *Charles v. Byrd,* 29 S. C., 544, 8 S. E., 1; *State v. Fort,* 24 S. C., 510.

The Circuit Court, after stating that the testimony taken before the commission had been carefully read and considered, held as follows: "As the proof of scienter on the part of the salesman in the present case seems to me to be insufficient to warrant the action taken by the Commission, it necessarily follows that the petition herein must be granted."

And on this finding of fact the order of the commission was set aside.

The only question with reference to the facts properly before the lower Court was whether the findings of the commission were without any evidence to sustain them.

The birth certificate introduced in evidence showed LeRoy Sessions to be seventeen years of age at the time the sale was made. He was four feet tall, and one witness testified that from his personal appearance he appeared to be fourteen or fifteen years of age. The clerk who made the sale, who had been a former policeman in the Town of

Summerton, stated that he had sold this "Negro boy" alcoholic liquors on a previous occasion, and had reason to believe that he was twenty-one years of age, giving as the basis of his belief that about eight years before the sale in question he had arrested the boy, and at that time the boy's mother told him he was about twelve years of age. But from this information, it could be inferred that the boy was only about twenty years of age. It was also shown that the clerk had never questioned the boy as to his age.

Within the meaning of the term, "knowingly", as used in this statute, if the clerk knew that the Negro boy was a minor or had such information, from his appearance or otherwise, as would lead a prudent man to believe that he was a minor, and if followed by inquiry must bring knowledge of that fact home to him, then the sale was made knowingly. *State v. McCormick,* 56 Wash., 469, 105 P., 1037; *State v. Constantine,* 43 Wash., 102, 86 P., 384, 117 Am. St. Rep., 1043; 35 C. J., page 918.

From this review of the testimony, we are of the opinion that the findings of the tax commission were not wholly without evidence to support them.

But the respondent contends that the citation issued by the tax commission charged him only with selling alcoholic liquor to a minor, and not with knowingly making such sale; and hence the offense was improperly laid. It is argued that instead of following the first provision of Section 1840, from which we have quoted, the commission should have adopted the last clause, which makes it an offense to "knowingly" sell alcoholic liquors to a minor. It is also said that no testimony was offered to prove that the sale was knowingly made to a minor, nor did the tax commission find the respondent guilty of knowingly selling liquor to a minor.

We have construed the statute to provide that no retail dealer shall knowingly sell liquor to a minor. Under a statute so worded, it is generally held that knowledge by the seller

of the minority of the buyer is an essential element of the offense. Annotations, Vol. 18, Ann. Cas., 437, and 115 A. L. R., 1230. And we readily concede that if this case involved a criminal prosecution affecting the liberty of the respondent, knowledge should be alleged in the indictment and proved upon the trial. But we are not dealing here with life, liberty, or property.

Liquor licenses are neither contracts nor rights of property. They are mere permits, issued or granted in the exercise of the police power of the State to do what otherwise would be unlawful to do; and to be enjoyed only so long as the restrictions and conditions governing their continuance are complied with. 30 Am. Jur., § 73, page 296. The same tribunal authorized to grant the issuance of a license is also authorized, for cause, to revoke it. Sec. 1832, 1942 Code.

The authorities seem to uniformly hold that in the granting and the revoking of licenses to sell alcoholic liquors, much · is left to the discretion of the Court or body charged with that duty. And in most jurisdictions the law does not require the same strictness as to proof and procedure that obtains in actions or criminal prosecutions generally. The object being the revocation of a privilege rather than punishment, the authority or tribunal vested with this power "is not required to take the formal proceedings essential to form a basis of a judicial decision affecting liberty or property." The proceeding may be summary. Black, Intoxicating Liquors, § 194.

Under Section 2 of the regulations of the South Carolina Tax Commission pertaining to alcoholic liquors, which are published immediately following Section 1842 of the Code, it is provided: "And the licensee thereby agrees that the sale of alcoholic liquors is a privilege and not a right." By Section 1832, the tax commission is vested with authority to revoke for cause any license granted under the provisions of this Act. And "in the event of resort to any court

from such revocation in whatsoever form the proceedings may be brought, it shall in no wise act as a supersedeas of the order of revocation. The license so revoked shall stand as suspended, pending the termination of the proceedings."

It will thus be seen that the legislature by this enactment intended to give, and has given, the tax commission, whose duty it is to grant, and in proper cases to revoke, licenses, a broad but not unbounded discretion in such matters.

When the hearing was entered upon before the tax commission the respondent interposed no objection to the regularity of the proceeding or to the validity of the charge of selling liquor to a minor. No suggestion was made to the tax commission that the statute was ambiguously worded, nor was any objection made at any time that the charge was improperly laid. When the matter reached the Circuit Court upon certiorari, that Court clearly treated it as though the respondent had been charged before the commission with "knowingly" making a sale to a minor; and reversed the order of the commission upon the sole ground that there was no sufficient proof of knowledge on the part of the salesman.

The respondent makes no claim that he was taken by surprise, and, in our opinion, it is too late now to contend that he suffered any prejudice. While the charge in the citation issued by the commission was not technically correct, because it omitted the word "knowingly", the record does not disclose that at the hearing the respondent was under any misapprehension as to the real nature of the charge which was fully revealed by the testimony.

For the reasons above given, the writ of certiorari is quashed, the judgment of the Circuit Court reversed, and the order of the tax commission is reinstated.

Judgment reversed.

MESSRS. ASSOCIATE JUSTICES BAKER and STUKES and CIRCUIT JUDGE J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE concur.

MR. CHIEF JUSTICE BONHAM did not participate.