19379

Richard Waymon TERRY, Appellant, v. S. J. PRATT et al., Respondents

(187 S. E. (2d) 884)

*M. A. McAlister, Esq.,* of Anderson, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr.,* and *Edwin B. Brading, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

March 2, 1972.

Moss, Chief Justice:

Richard Waymon Terry, the appellant herein, on April 13, 1971, made written application to the Alcoholic Beverage Control Commission for a license to sell alcoholic liquors at retail at a location on Highway 28 By-Pass near the city of Anderson, South Carolina.

A hearing was conducted upon this application on June 29, 1971, by the Commission, and on July 1, 1971, it rendered its decision denying the application of the appellant for a retail liquor license upon the ground that the "location is unsuitable for the sale of alcoholic liquors" for the reason that such locality was not under proper police protection.

Following the denial by the Commission of his application for a retail liquor license and upon application of the appellant, the Honorable E. Harry Agnew, Resident Judge of the Tenth Judicial Circuit, pursuant to Section 4-58 of the Code, issued a writ of certiorari directing S. J. Pratt, W. W. Lewis, and C. H. Lowder, members of and constituting the Alcoholic Beverage Control Commission, the respondents herein, to certify to the Court all of the records in the proceeding relating to the denial of the appellant's application for a retail liquor license. The respondents complied with said writ by certifying the records and making written answer and return thereto. After a hearing on the writ of certiorari, the trial judge entered an order on September 1, 1971, in which he affirmed the decision of the

respondents in denying the appellant the retail liquor license. This appeal followed.

The appellant asserts that the decision of the respondents in denying him a retail liquor license on the ground that the proposed location of said place of business was unsuitable for the sale of alcoholic liquors is arbitrary and capricious. Stated otherwise, the question is whether the decision by the respondents that the place of business to be occupied by the applicant was not a suitable one is wholly unsupported by the evidence.

Section 4-31(3) of the Code, gives to the Alcoholic Beverage Control Commission the sole and exclusive power to grant retail dealers licenses authorizing the holder thereof to store, keep, possess and sell alcoholic liquors at retail in compliance with the Alcoholic Beverage Control Act and regulations of the Commission not in conflict therewith. Under Section 4-53(2), the Commission is given authority to refuse to grant any license if it shall be of the opinion that the store or place of business to be occupied by the applicant is not a suitable one.

The issuance or granting of a liquor license ordinarily rests in the sound discretion of the body or official to whom the duty of issuing it is committed. The power to issue a license for the sale of intoxicating liquors involves the power to refuse such licenses. While licensing authorities generally have a great deal of discretion with respect to the granting or rejection of an application for a liquor license, their rejection of such an application may not be made arbitrarily or capriciously. 45 Am. Jur. (2d), Intoxicating Liquors, Section 161.

In *Feldman v. S. C. Tax Commission*, 203 S. C. 49, 26 S. E. (2d) 22, we stated that this Court, on writ of certiorari, will confine its review to the correction of errors of law only, and will not review the findings of fact of an inferior court or body except when such findings

are wholly unsupported by the evidence. Judges of the courts of common pleas are bound by this same rule and limitation.

The Alcoholic Beverage Control Commission is authorized under Section 4-37 of the Code, in its discretion, and after due investigation, to license retail liquor dealers in unincorporated towns and in county communities, and this section further provides that "* * * the Commission shall not license a retail dealer in any locality unless the Commission is assured that such locality is under proper police protection."

The Commission held a hearing upon the application of the appellant and at such hearing the sheriff and a deputy sheriff of Anderson County testified that the place where the appellant intended to locate his liquor store could not be given adequate and proper police protection. There was no evidence to the contrary.

The Commission had before it evidence from which it could reasonably conclude that the locality or place of the proposed location of the appellant's liquor store could not be under adequate and proper police protection and it would not be a suitable location for a retail liquor store. There was evidence to support the finding of the Commission that the site of the proposed place of business of the appellant would not be a proper one for the retail sale of alcoholic liquors, hence, it cannot be said that the action of the Commission in denying the license was either arbitrary or capricious.

The appellant contends that Section 4-53(2) of the Code, is an unconstitutional delegation of legislative power in that the granting of a retail liquor license "is left to the absolute, unregulated, unrestricted, uncontrolled and undefined discretion of the respondent as to 'a suitable place' since it fixes no standard and lays down no intelligible guide to which the respondent must conform."

In passing on the constitutionality of a statute challenged on the ground that it delegates legislative power to an administrative officer, the issue is to be

decided not on the assumption that the officer will use sound judgment in exercising the unregulated discretion with which the statute has invested him, but upon consideration of what things the statute affirmatively permits him to do. The degree of authority that may lawfully be delegated to an administrative agency must in large measure depend upon circumstances of the particular case at hand, including legislative policy as declared in the statute, objective to be accomplished and nature of agency's field of operation. *Cole v. Manning,* 240 S. C. 260, 125 S. E. (2d) 621.

The legislature may not delegate to an administrative agency its power to make laws, but when a statute is complete on its face no unconstitutional delegation of legislative authority can be imputed to it by the fact that authority or discretion as to its execution is vested in an administrative officer, commission or board. *Gasque, Inc. v. Nates,* 191 S. C. 271, 2 S. E. (2d) 36.

In the case of *State ex rel. Richards v. Moorer,* 152 S. C. 455, 150 S. E. 269, this Court said:

"There is a distinction, however, between delegating power to make a law and conferring authority or discretion as to its execution. If a legislative act is clothed with all the forms of law and is complete in itself in form and substance, if the officer, board, or commission to whom the authority is alleged to have been delegated is given no power to add to or take away from the law as enacted, if nothing is left to discretion as to what shall constitute the form and substance of the statute, and if the act embodies a full and complete expression of the legislative will, matters which may be fairly regarded as relating to the administration and execution of the statute, even though involving discretion, do not constitute an unauthorized delegation of legislative authority."

In *Port Royal Min. Co. v. Hagood,* 30 S. C. 519, 9 S. E. 686, 688, it was held that an Act authorizing the State Board of Agriculture "to grant or refuse" licenses to mine for phos-

phate rock, "as the said board may, in its discretion, deem best for the interests of the state," etc., was not an unconstitutional delegation of legislative power to the board. The Court said: "It is undoubtedly true that legislative power cannot be delegated; but it is not always easy to say what is and what is not legislative power, in the sense of the principle. The legislature is only in session for a short period of each year, and during the recess cannot attend to what might be called the business affairs of the state. From the necessity of the case, as well as the character of the business itself, that must be performed by agents appointed for that purpose, such as the railroad commission, regents of the lunatic asylum, the state board of canvassers of elections, 'sinking fund commission,' etc. The numerous authorities cited in the argument show conclusively that, while it is necessary that the law itself should be full and complete as it comes from the proper law making body, it may be, indeed must be, left to agents in one form or another to perform acts of executive administration which are in no sense legislative.

Without encumbering this opinion with the authorities, we think the view is well stated in Locke's Appeal, 72 Pa. St., 491 (13 Am. Rep., 716): 'Then the true distinction, I conceive, is this: The legislature cannot delegate its power to make a law; but it can make a law to delegate power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the lawmaking power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation.' "

The Legislature has the authority to confer upon ▮ boards and commissions the power to execute laws enacted by it. "However, it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform,

with a proper regard for the protection of the public interests and with such degree of certainty as the nature of the case permits, and enjoin a procedure under which, by appeal or otherwise, both public interests and private rights shall have due consideration." *Atlantic Coast Line Ry. Co. v. S. C. Pub. Ser. Comm.*, 245 S. C. 229, 139 S. E. (2d) 911.

The Legislature vested in the Commission the authority to pass upon and either grant or refuse applications for retail liquor licenses. It also circumscribed the authority of the Commission by providing in Section 4-37, of the Code, that such Commission should not issue a license to a retail dealer unless it was assured that such locality was under proper police protection. The Commission was also authorized by Section 4-53(2) to refuse to grant a retail liquor license if the store or place of business to be occupied by the applicant was not a suitable one. It thus appears that the statute declared a legislative policy and established primary standards to govern the Commission in refusing an application for a license. In so doing, this was not an unauthorized delegation of legislative authority. In order for the Commission to determine whether the appellant was entitled to a license, it became necessary for it to hold a hearing pursuant to the authority of Section 4-57 of the Code, and to make a finding of fact as to whether the proposed location of the place of business of the appellant was under proper police protection and such location was a suitable location for a liquor store. The exercise of this function by the Commission was in accord with the declared legislative policy and standards. It follows that the delegation of the foregoing authority under Section 4-53(2), of the Code, was not an unconstitutional delegation of legislative power.

The statement of the case contains a stipulation that the issues on appeal are confined to the two questions which we have resolved against appellant. We refrain from discussing other contentions raised by appellant which are not included in the stipulated issues.

The exceptions of the appellant are overruled and the judgment below, is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.