20446

John A. WALL, Respondent, v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Appellant.

(235 S. E. (2d) 806)

*Messrs. Daniel R. McLeod, Atty. Gen., and Edwin E. Evans, Asst. Atty. Gen.,* of Columbia, *for Appellant,*

14

June 6, 1977.

RHODES, Justice.

The South Carolina Alcoholic Beverage Control Commission (Commission) appeals from an order of the circuit court directing the Commission to issue a permit to the respondent for the retail sale of beer and wine. We reverse.

On August 12, 1976, a hearing was held before the Commission in Columbia with respect to the application of the respondent for the permit. At the hearing, the respondent admitted that he has a criminal record consisting of the following offenses:

March 9, 1976: Driving under the influence;

January 28, 1976: Public Drunkenness;

November 19, 1973: Public Drunkenness;

July 4, 1971: Illegal possession of fireworks.

Prior to the hearing, however, the respondent had answered in the negative to a question on his sworn application regarding whether he had a criminal record. After the hearing, the Commission, in a letter dated August 16, 1976, notified the respondent that his application for the permit was being denied because the respondent was an "unsuitable person" to

hold such a permit. The letter stated that the Commission's finding was based on (1) the respondent's past record, and (2) his misrepresentation on the application.

Thereafter, the respondent filed a petition and motion seeking a writ of certiorari. On August 31, 1976, the circuit judge, to whom the motion was made, issued a writ of certiorari directing the Commission to certify the record below for review. The Commission complied with the writ. A hearing on the merits of the respondent's petition was held on November 22, 1976. The court thereafter, by Order dated December 9, 1976, directed the Commission to issue the respondent a retail beer and wine permit. The Commission timely served Notice of Intention to Appeal.

The issuance of a liquor license ordinarily rests within the sound discretion of the body or official to whom the duty of issuing it is committed; moreover, the power to issue such a license also involves the power to refuse it. *Terry v. Pratt,* 258 S. C. 177, 187 S. E. (2d) 884 (1972). The General Assembly has delegated to the Commission the sole and exclusive power to grant dealers' permits authorizing the holders thereof to store, keep, possess, and sell alcoholic beverages at retail in compliance with the Alcoholic Beverage Control Commission Act and regulations of the Commission not in conflict therewith. [1] The Commission has also been given the authority to refuse to grant any permit if the Commission shall be of the opinion that the applicant is not a suitable person to be so licensed. [2] With reference to these and related statutory provisions, this Court has previously stated that liquor licenses are neither contracts nor rights of property. They are mere permits, issued or granted in the exercise of the police power of the State to do what otherwise would be unlawful to do. *Feldman v. S. C. Tax Commission,* 203 S. C. 49, 26 S. E. (2d) 22 (1943).

---

[1] S. C. Code § 4-31(3), (1962).
[2] S. C. Code § 4-53(1), 1962).

16

On writ of certiorari, the Supreme Court will confine its review to the correction of errors of law only and will not review the findings of fact of an inferior court or body except when such findings are wholly unsupported by the evidence; judges of the courts of common pleas are bound by this same rule and limitation. *Terry v. Pratt, supra.* The principal question, therefore, is whether the decision of the Commission in the instant case was sufficiently supported by evidence. If it was, then the circuit judge erred in reversing the Commission.

The Commission had before it ample evidence that the respondent has a criminal record and that he misrepresented this fact on his application. Furthermore, it is a generally recognized principle that a liquor license may be refused a person who has previously been convicted of a crime or crimes, particularly a violation of the liquor laws. 48 C. J. S. Intoxicating Liquors § 135b. The record shows three offenses by the respondent relating to excessive use of alcoholic beverages. The record also indicates that at the hearing before the Commission, the respondent admitted that each time he was arrested he was guilty. The circuit judge was in error when he held that the offenses committed by the respondent were not of sufficient magnitude to justify the Commission's action in denying the application.

Additionally, the circuit judge erred when he found that the respondent's misrepresentation on his application was not sufficient to deprive him of the permit. We need only to state that a misstatement under oath or a concealment of fact may provide a basis for denial, as well as revocation, of the type of permit sought by the respondent. 45 Am. Jur. (2d), Intoxicating Liquors, § 162; *see also* S. C. Code § 4-213 (1975 Cum. Supp.)

The lower court committed reversible error in the case at bar. There was sufficient evidence before the Commission to support its denial of the license to the respondent, and there existed no errors of law for the circuit judge to correct. The

order of the lower court is reversed and the case is remanded for reinstatement of the Commission's decision denying the permit.

Reversed and Remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.