**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Timothy Alan Oertel, Appellant.

Appellate Case No. 2016-001831

Appeal From Richland County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2018-UP-454
Submitted October 1, 2018 – Filed December 12, 2018

**AFFIRMED**

James W. Boyd, of James W. Boyd Law Firm LLC, of
Rock Hill, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

**PER CURIAM:** Timothy Alan Oertel appeals his convictions on four counts of attempted dissemination of obscene material to a person under the age of eighteen, criminal solicitation of a minor, and attempted first-degree sexual exploitation of a minor, arguing the trial court erred in failing to grant his motions for directed

verdict on all charges.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Oertel's motions for directed verdict on the indictments for attempted dissemination of obscene material to a person under the age of eighteen: *State v. Bailey*, 368 S.C. 39, 44-45, 626 S.E.2d 898, 901 (Ct. App. 2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight."); *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-15-345 (2015) ("An individual eighteen years of age or older who knowingly disseminates to a person under the age of eighteen years material which he knows or reasonably should know to be obscene . . . is guilty of a felony . . . ."); *State v. Thompkins*, 263 S.C. 472, 484, 211 S.E.2d 549, 554 (1975) ("One may be found to knowingly violate the statute when it appears that he shuts his eyes to avoid knowing what would otherwise be obvious."); *Feldman v. S.C. Tax Comm'n*, 203 S.C. 49, 56, 26 S.E.2d 22, 25 (1943) (stating the term "knowingly" included situations where a person "had such information, from [an individual's] appearance or otherwise, as would lead a prudent man to believe that [the individual] was a minor, and if followed by inquiry must bring knowledge of that fact home to him, then the [action] was made knowingly").

2. As to whether the trial court erred in denying Oertel's motions for directed verdict on the indictment for criminal solicitation of a minor: *Bailey*, 368 S.C. at 44-45, 626 S.E.2d at 901 ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight."); *Lollis*, 343 S.C. at 584, 541 S.E.2d at 256 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-15-342(A) (2015) ("A person eighteen years of age or older commits the offense of criminal solicitation of a minor if he knowingly contacts or communicates with, or attempts to contact or communicate with, a person who is under the age of eighteen, or a person reasonably believed to be under the age of eighteen, for the purpose of or with the intent of persuading, inducing, enticing, or coercing the person to engage or participate in a sexual activity . . . ."); S.C. Code Ann. § 16-15-375(5) (2015) ("'Sexual activity' includes . . . (b) vaginal, anal, or oral intercourse, . . . (c) touching, in an act of apparent sexual stimulation or sexual abuse, of the clothed or unclothed genitals, pubic area, or buttocks of another person or the clothed or unclothed breasts of a human female . . . ."); *Thompkins*,

263 S.C. at 484, 211 S.E.2d at 554 ("One may be found to knowingly violate the statute when it appears that he shuts his eyes to avoid knowing what would otherwise be obvious."); *Feldman*, 203 S.C. at 56, 26 S.E.2d at 25 (stating the term "knowingly" included situations where a person "had such information, from [an individual's] appearance or otherwise, as would lead a prudent man to believe that [the individual] was a minor, and if followed by inquiry must bring knowledge of that fact home to him, then the [action] was made knowingly").

3. As to whether the trial court erred in denying Oertel's motions for directed verdict on the indictment for attempted first-degree sexual exploitation of a minor: *Bailey*, 368 S.C. at 44-45, 626 S.E.2d at 901 ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence of evidence, not its weight."); *Lollis*, 343 S.C. at 584, 541 S.E.2d at 256 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-15-395(A)(1) (2015) ("An individual commits the offense of first[-]degree sexual exploitation of a minor if . . . he [knowingly] . . . uses, employs, induces, coerces, encourages, or facilitates a minor to engage in or assist others to . . . appear in a state of sexually explicit nudity when a reasonable person would infer the purpose is sexual stimulation . . . for the purpose of producing material that contains a visual representation depicting this activity or a state of sexually explicit nudity when a reasonable person would infer the purpose is sexual stimulation.").

**AFFIRMED.**[1]

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.